CHRISTOPHER C. MILLER *et al.*

*v.*

FANNIE McMANNIS *et al.*

</div>

*Filed at Mt. Vernon September 29, 1882.*

1. ERROR—*as affecting jurisdiction.* Where the court acquires jurisdiction in respect to lands in a suit for partition, and to assign dower, it will not be deprived of it by any error in the proceedings, or by any mistake made in the description of the lands set off as dower. Such mistake is a mere error affecting the dowress alone, and will not affect the validity of the decree under which the lands are sold under the proceeding for partition.

2. DECREE IN PARTITION—*as to certainty in finding interests of the parties.* On a bill for partition and for the assignment of dower, the court in its decree found that the ancestor died intestate, leaving A, his widow,

and the other complainants and defendants, seven in number, who were named, his children and only heirs, and also died seized of the lands described in the decree, and that no other persons had any interest in such lands, and then ordered, adjudged and decreed "that partition be made of said real estate among the several parties to this suit, equally, according to their respective shares:" *Held*, that, taken in connection with the law, the finding of the respective interests of the parties was sufficiently certain.

3. The finding in the decree that the deceased owner left a widow, shows that she is entitled under the statute to one-third of the lands for life, and a finding that there were seven, and only seven, heirs of the deceased, entitles each under the statute to one-seventh of the lands,—in other words, to an equal division among them. Had the parties derived title by deed, or under a will, it might have been necessary for the decree to have defined the interest of each specifically.

4. SAME—*certainty as to lands ordered sold.* A decree was entered for the partition of certain lands described, and the assignment of a widow's dower therein, and appointing commissioners to set off the dower and divide the lands, who, after assigning the dower, reported that the balance of the lands could not be divided without manifest prejudice, etc. The court, after approving this report, decreed that "the balance of said real estate not set off as aforesaid," etc., "be sold by the master in chancery:" *Held*, that the decree of sale was not invalid for want of certainty as to the lands to be sold.

5. SAME—*effect of decree as to power of master to convey.* In partition, the decree ordered the master in chancery to sell the property, and take from the purchaser "a mortgage on the premises sold, to secure the payment of the purchase money." It was *held*, without reference to the question whether an order to sell, standing alone, would imply authority in the master to make a deed, the order to sell, coupled with the order to take a mortgage on the premises, would permit the implication of authority to convey.

6. JUDICIAL SALE—*confirmation of master's sale—whether necessary.* A sale under a valid decree of a court of equity, in other respects regular, can not be impeached on the ground alone that the master failed to make report to the court and obtain a decree of confirmation. But the better practice is to report such sale, and have it confirmed. The rule is different in guardian's sales, as the statute requires a confirmation of them before the title passes.

APPEAL from the Circuit Court of Massac county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. JAMES C. COURTNEY, for the appellants:

To give the court jurisdiction, the subject matter of the case must be presented, upon which the court may act.

*Unknown Heirs* v. *Langworthy,* 23 Ill. 484; *United States* v. *Aredonda,* 6 Pet. 709; *Withers* v. *Patterson,* 27 Texas, 491; *Sheldon* v. *Newton,* 3 Ohio St. 494.

The subject matter in the case in which the decree was rendered, was the partition and assignment of dower in the real estate of Frederick Miller.     Dower was assigned in other and different lands, and consequently the decree was void. *Jackson* v. *Meyers,* 14 Johns. 355.     It was the duty of the court to ascertain and set out in the decree the respective shares of these parties.     *Gibbs* v. *Allen,* 27 Ill. 119; *Greenup* v. *Sewell,* 18 id. 53; *Herdman* v. *Short,* id. 59.     The court had no authority to delegate this judicial power to the commissioners.     *McLain et al.* v. *Van Winkle,* 79 Ill. 504; 24 id. 406; *Cobb* v. *People,* 84 id. 511; *Hoagland* v. *Creed,* 81 id. 506.

If the widow was not bound, the other parties are not. Decrees bind all parties or none.     *Williams et al.* v. *Chalfant,* 82 Ill. 218; *Brockman et al.* v. *McDonald,* 16 id. 112; *Rider et al.* v. *Alleyne,* 2 Scam. 474; *Bank* v. *Wilson,* 14 Grant's Ch. 473; *Jackson* v. *Meyers,* 14 Johns. 355.

A decree of sale in a partition suit without a prior report of commissioners, is a nullity.     *George* v. *Murphy,* 1 Mo. 558; *Schuyler* v. *Marsh,* 37 Barb. 356; *Smith* v. *Moore's Heirs,* 6 Dana, 417; *Newell* v. *Sadler,* 16 Mass. 122.

The court should not only render the decree itself, but it, when rendered, should be certain and specific.     *Welsh* v. *Louis et al.* 31 Ill. 446; *Morgan* v. *Pfeifer et ux.* 56 id. 485. It must be such as may be readily understood, and capable of being performed.     *People ex rel.* v. *Pirfenbrink,* 96 Ill. 68. If it does not conform to these requirements it is void for uncertainty.     *Mulvey* v. *Carpenter et al.* 78 Ill. 580; *Faulk* v. *Kellums,* 54 id. 188; *Avery* v. *Babcock,* 35 id. 172; *Carpenter* v. *Sherfy et al.* 71 id. 427.

Until a master has reported his sale, and it has been confirmed, no title will pass.     *Dills* v. *Jasper,* 33 Ill. 262; *Bozza*

v. *Rowe,* 30 id. 198; *Yerby* v. *Hill,* 16 Texas, 377; *Williamson* v. *Berry,* 8 How. 496; *Griffith* v. *Fowler,* 18 Vt. 394; *Eakin* v. *Herbert,* 4 Cold. 116; Rorer on Judicial Sales, 1; *Henderson* v. *Herod,* 23 Miss. 434; *Dickerson* v. *Talbott,* 14 B. Mon. 60; Freeman on Executions, sec. 311.

The master or other person making the sale under the decree is the mere agent of the court. The court is the vendor at such sales, and the act of confirmation is the assent of the court to the contract of sale. *Garrett* v. *Moss,* 20 Ill. 549; *Freeman* v. *Hurt,* 3 Dana, 614; *Gowan* v. *Jones,* 10 S. & M. 164; *Griffith* v. *Fowler,* 18 Vt. 394; *Andrews* v. *Scatton,* 2 Bland, 629; *Busey* v. *Hardin,* 2 B. Mon. 407; *Owen* v. *Owen,* 5 Humph. 355; *Campbell* v. *Johnson,* 4 Dana, 614; *Sessions* v. *Peay,* 23 Ark. 39.

Messrs. C. N. & A. G. Damron, and Messrs. Green & Gilbert, for the appellees:

The presumption of jurisdiction of both the subject matter and of the persons who are parties to a suit, in a court of general jurisdiction, is always indulged in favor of the judgments and decrees of such courts, when attacked collaterally. *Pensoneau* v. *Heinrich,* 54 Ill. 271; *Mulford et al.* v. *Stelzenbach et al.* 46 id. 303; *Osgood* v. *Blackmore,* 59 id. 261; *Clark* v. *Thompson,* 47 id. 25; Freeman on Judgments, (2d ed.) secs. 124, 125; Rorer on Judicial Sales, (ed. of 1873,) sec. 466.

If the land set off for dower was misdescribed, the error affects the dowress only, and can not affect the decree as to the land properly described. *Utile per inutile non vitiatur.* The decree, when considered as to all its findings, does sufficiently show the interest of the respective parties in interest. It finds there were seven, and only seven, heirs, and a widow. From these facts found the law will determine the rest.

An order of confirmation is not essential to the validity of a master's sale under a decree. *Pensoneau* v. *Heinrich,* 54 Ill. 273; 4 Kent's Com. 192.

The case of *Dills* v. *Jasper*, 33 Ill. 362, is overruled in *Comstock* v. *Purple*, 49 Ill. 158, and this last case is approved in *Hill* v. *Hill*, 58 Ill. 239.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellants, to recover a certain tract of land in Johnson county, which they claimed to own as heirs at law of Frederick Miller, deceased. Appellees claimed title under a decree of sale rendered in the circuit court of Johnson county, in a proceeding instituted by the widow of Frederick Miller and a portion of the heirs, to assign dower, and partition the lands among the heirs of Miller. In the partition proceedings dower was assigned to the widow, and the residue of the lands was ordered sold, and the only question presented by the record is, whether the sale under the decree was sufficient to pass the title to the purchaser.

The first objection to the decree is, that the court had no jurisdiction of the subject matter of the suit, and this is based upon the theory that the land set off to the widow, Lavina Miller, was not described in the decree. It is no doubt true that a mistake was made in the description of the lands set off to the widow as her dower in the premises, but this does not establish the proposition that the court had no jurisdiction of the subject matter. Frederick Miller died seized of two hundred and sixty acres of land in Johnson county. These lands constituted the subject matter of the action of partition of which the court in which the proceeding was pending had jurisdiction, and although a mistake was made, and no part of the lands owned by the deceased was in fact assigned to the widow, yet that mistake did not deprive the court of jurisdiction. It was a mere error, which affected the widow,—one which she might have availed of on appeal or writ of error,—but such error did not affect the validity of the decree under which the land here involved

was sold. The land involved in this action was properly described in the decree of sale, and a sale was made under the decree, which was sufficient to pass title to the purchaser, although an error was committed in regard to the land assigned as dower.

The next objection to the decree is, that the court did not adjudicate upon and determine the interests of the respective parties in the lands, but delegated that power to the commissioners who were appointed to assign dower and make partition. This position, in our judgment, is predicated upon a misapprehension of the decree. The court, as appears from the decree, found that Frederick Miller died intestate, leaving the complainant Lavina Miller his widow, and the other complainants and defendants, seven in number, who are named, his children and only heirs; that Miller died seized of certain lands, which are described in the decree, including the land in controversy; that no other persons have any interest in said lands. The decree then contains these words: "It is ordered, adjudged and decreed by the court, that partition be made of said real estate among the several parties to this suit, equally, according to their respective shares," etc. The decree then appoints three persons therein named to make the partition. It will be observed that the court found that there were seven named persons, only heirs at law of Frederick Miller, deceased, and a widow, and that they were the only persons interested in the lands. Now, while perhaps it might have been more specific if the court had recited in the decree that the widow was entitled to one-third of the lands for life, and each of the seven heirs to one-seventh of the remainder in fee, yet, when the law is applied to the facts found, it amounts to the same thing. The finding that there was a widow, entitled her, under the statute, to one-third of the lands for life, and the finding that there were seven, and only seven, heirs, entitled each, under the statute, to one-seventh of the lands,—in other words, to an equal

division among the seven heirs, after the dower had been set off to the widow. Had the parties derived title to the lands by deed, or under a will, then it might have been necessary for the court, in the decree, to have gone on and found specifically the interest of each of the parties in the land. But when the court find that Frederick Miller died intestate,—seized of the lands,—leaving a widow, Lavina, and seven children, who were his only heirs, and ordered the lands divided equally, according to their respective shares, such, in view of the law of descents, was a finding that the widow owned a third for life, and each of the heirs an undivided seventh.

It is also urged that the decree of sale is invalid, because it is uncertain as to the lands to be sold. The commissioners, after assigning dower to the widow, reported that the balance of the lands could not be divided without manifest prejudice to the interest of the owners, and the court, after approving the report, decreed that the "balance of said real estate not set off, as aforesaid, to Lavina Miller, be sold by the master in chancery." We perceive no valid objection to the decree as respects the description of the lands. All the lands embraced in the decree were ordered sold, except that part set off to the widow. The report and decree showed what had been set off and what remained, and there could be no uncertainty in regard to the lands ordered sold.

It is next urged that the sale under the decree did not pass the title to the lands sold, because it was not confirmed by the court. The law requires a guardian's sale to be confirmed in order to vest the title to lands sold under a decree, as held in *Young* v. *Keogh,* 11 Ill. 642, and *Young* v. *Dowling,* 15 id. 482. But this is owing to the language of the statute which authorizes the sale of lands belonging to a minor by a guardian, and the rule established in that class of cases has no application to a sale made by a master in chancery under a decree of a court of equity. In a sale of this character it

is usual, and the better practice, for the master to report the sale to the court, and for the court to enter a decree of confirmation; but when this has not been done, we are not aware of any case where this court has held the sale invalid. On the other hand, we are satisfied that the law is well settled that a sale under a valid decree, in other respects regular, can not be impeached on the ground alone that the master in chancery failed to make report to the court and obtain a decree of confirmation.

It is also claimed that the decree did not empower the master to make a deed, and hence the deed did not pass the title to the premises. The decree orders the master in chancery to sell the property, and take from the purchaser "a mortgage on the premises sold, to secure the payment of the purchase money." Whether an order to sell, standing alone, would imply authority to make a deed, need not here be determined, as the order in the decree directing the master to take a mortgage on the premises sold would seem to leave no room to doubt the authority to make a deed. The clear implication from the authority to sell and take a mortgage is, that the master, in making sale, should deed the premises.

In conclusion, we are of opinion that the decree and the deed read in evidence were sufficient, in this collateral proceeding, to prove that whatever title the plaintiffs originally had to the premises, passed from them under the sale made by the master in chancery.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*