ALEXANDER YOUNG *et al.*, plaintiffs in error, *vs.* EDWARD
KEOGH, defendant in error.

*Error to Jo Daviess.*

Upon a sale of land by a guardian, the title is defective, unless the guardian shall make a
report of his proceedings, and have the same confirmed by the order of the Court author-
izing the sale.

This was an action of ejectment, in the usual form.   Plea of
the general issue and *similiter*.   Jury returned a verdict of not
guilty, upon the trial of the cause, before Hugh T. Dickey,
Judge, at the January term, A. D. 1850, of the Jo Daviess Coun-
ty Court.   As will be seen by the opinion, this case presents
much the same state of facts, and same points of discussion, as
the preceding case between Young *et al. vs.* Loraine.

HOGE and WILSON, for plaintiffs in error.

THOMPSON CAMPBELL, for defendant in error.

Opinion by Mr. Justice CATON :

The title set up by the defendant in this case, is claimed under
a sale made by the same guardian as in the case of Young *vs.*
Lorain, and for the same wards, and made upon an order of the
same Court, passed in 1846, and most of the questions arising

here are precisely like those decided there, and any further examination of them now is unnecessary.

The petition, however, which was produced in this case, and upon which the Circuit Court ordered the premises to be sold, differs somewhat from the one produced in the other case, and yet we think enough was shown here to give the Court jurisdiction. In fact, all that was shown in the first petition is also shown in this. And besides that, there are further statements contained in this petition, which lead to serious apprehension that these infant's estates were squandered, or, at least, most extravagantly expended in their support and education, and yet, that is a question which cannot be properly investigated in this collateral proceeding. It would be unsafe and unjust to try that matter in a suit contesting the title to the land, in the hands of third parties, unless fraud could be shown; and here there is no proof establishing that. That the Circuit Court, in ordering the sale of this property, may have acted improvidently, and even erroneously, may be admitted, but the purchaser is not responsible for that error, nor can we correct it here. The law has enjoined it upon the Circuit and Probate Courts, at least in the first instance, in their appropriate spheres, to watch over and look after the interests of infants, and to see that they are not plundered, or their estates squandered, by their guardians or others, and with them must rest the responsibility, so long as they act within their jurisdiction, unless their proceedings are brought before us directly for review. It is only then that we can correct their erroneous judgments.

There is one fatal defect in the defendant's title, in this case, which did not exist in the other, and that is, the guardian never made a report of his proceeding, under the order of sale, as that order directed, and as the statute required. The statute declares, "it shall be the duty of the guardian making such sale, as soon as may be, to make return of such proceedings to the Court granting the order, which, if approved by the Court, shall be recorded, and shall vest in the purchaser or purchasers all the interest the ward had in the estate so sold." There is no avoiding the conclusion that the title does not vest in the purchaser till the report is made and approved. The language of the statute is so explicit and unequivocal, that it neither admits of doubt or argument. It is not like the case of the return of a sheriff

to an execution, as was insisted at the bar, for there it is not the return which vests the title. In this case, had the statute merely required a return to be made, the want of it might be overlooked, and even the approval by the Court might, possibly, be dispensed with, so far as the validity of the purchaser's title is concerned, were it not for the further provision of the statute, that the approval and recording of the return " shall vest in the purchaser" the interest of the ward. If the conveyance, with · out these proceedings, could vest the title, then these proceedings could not again vest it. Neither the guardian or the Court could contrive to vest the title in any other mode than that provided by the statute. If authority were required for a proposition so plain, it will be found in the cases of Rea et al. vs. McEachron, 13 Wendell, 465; Lessee of Curtiss vs. Norton, 1 Ohio R., 136.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded for another trial.

*Judgment reversed.*