WILLIAM MUSGRAVE *et al.*

*v.*

JOHN F. CONOVER.

1. GUARDIAN'S SALE—*jurisdiction—notice of application.* Where the record of a proceeding by a guardian for the sale of his ward's land fails to show any notice of the application, to the wards, the decree purporting to

authorize the sale will be void for want of jurisdiction, and may be attacked collaterally.

2. SAME—*no title passes till sale is approved.* In the absence of any report of the sale of land by a guardian for the support and education of his ward, and its confirmation by the court, no title will pass to the purchaser.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. ALFRED C. DUFF, and Mr. JAMES M. GREGG, for the plaintiffs in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Saline circuit court, exhibited by William Musgrave and Josephine Musgrave, complainants, at the September term, 1865, and against Artemesia J. Maxwell, Robert T. Garton, Margaret E. Garton, the last two infants under the age of twenty-one and eighteen, respectively, and John F. Conover, defendants, the object of which was to obtain a decree of partition of the land described in said bill, complainants claiming, the said Josephine one undivided one-fifth of the premises, as one of the heirs at law of her father, James M. Garton, deceased, and the said William claiming, also, one undivided one-fifth by purchase from James W. Garton, another heir at law of said James, deceased. There are proper averments in the bill showing the claim of the defendants. The bill sets out the claim of Conover to the land, as based on a sale under a decree of the court on the application of the guardian of the infant heirs of James M. Garton, deceased, for a sale, for their support and education, alleging no notice of the application or of the sale was given, and the sale had never been confirmed by the court, and praying that he, Conover, be perpetually enjoined from asserting title to said land in virtue of said sale, and that the land be divided equally between complainants and the defendants, the heirs at law of said James M., to the exclusion of Conover. The parties were duly served, and a guardian *ad litem* appointed for the infant defendants. Conover filed a separate

answer, setting out his claim, derived as above stated. The answer of the guardian *ad litem* was in the usual form, and replications filed, and testimony, by depositions and orally, was heard by the court, and on the hearing the prayer of the bill was denied and the bill dismissed. Complainants bring the record here by writ of error.

We have not been favored with any brief by the defendants in error, and from the manner in which the case is presented by plaintiffs in error, it is somewhat difficult to understand the real merits of the controversy. It is sufficiently apparent, that complainants represent two-fifths of the interest of the deceased, James M. Garton, in this land, and the defendants, the minors, three-fifths,—the other party made defendant, Mrs. Garton, the guardian, not having or claiming any interest.

We understand from the *ex parte* statement of plaintiffs in error, and by the brief of their counsel, there was an application by the guardian to sell this land, to raise a fund for the support and education of the minor children, they then being three in number, two others having reached maturity, being then married and living with their husbands, and such proceedings were had that a decree of sale was entered, by which it did not appear the parties interested had any notice of the application for the decree. A sale was made under this decree, and the lands sold to H. R. Pearce, who paid nothing on his bid. Three years thereafter, in 1865, the cause was reinstated on the docket without any notice to the parties interested, either actual or constructive, and the decree of 1862 vacated and a new decree entered, on which the defendant, Conover, relies in his answer. If this decree is invalid, his claim falls. That it is invalid, null and void, appears from the proofs. In the decree of 1862, it did not appear the court had jurisdiction of the defendants—complainants here—no notice having been served upon them of the application. After the cause was reinstated and a new decree passed, and a sale under it by which Conover claims, the defect in the record of 1862 was discovered, and at his instance, or that of his attorney, but with

no bad intent we must presume, the attorney interlined these words in the decree of 1862, and in the record thereof, namely: "it appearing to the court, that defendants have been duly served with legal notice and." Mr. Jones, the clerk of the circuit court, testifies that he made the original entry of the decree, and the above words have been since interlined, not by himself. The record not showing, in its original state, any notice to the heirs of Garton of the application to sell the land, the court had no jurisdiction to render the decree, and the same was void and can be attacked in this proceeding. Nor does it appear the report of the guardian, of the sale, was approved and confirmed by the court. In the absence of such report and confirmation, no title passed to the purchaser of the land. *Young* v. *Keogh*, 11 Ill. 642, and subsequent cases.

For the reasons given, the decree is reversed, and the cause remanded for further proceedings.

*Decree reversed.*