CHARLES WINCHESTER, in error, *vs.* F. B. SHAW.

Penobscot.    Opinion June 7, 1879.

*Error. Costs.*

By an inspection of the items of costs, taxed and allowed by a trial justice, which was referred to in, and made a part of, the record, the amount was found to be $3.92, and judgment was rendered on default for the debt claimed and for $4.96 costs of suit: *Held,* that this was error, and that the judgment is reversed.

ON REPORT.

WRIT OF ERROR to reverse a judgment rendered by Robert Knowles, Esq., a trial justice in and for this county.

So much of the record as is material is as follows :

" And, after hearing the evidence introduced by both sides, the plaintiff and defendant both testifying in the case, it is considered by me, the said trial justice, that the said F. B. Shaw do recover of the said Charles Winchester, under said writ and declaration therein, the amount of the items, with interest, as there charged and claimed in the account annexed to the writ, to wit : the sum of $13.36, debt or damage, and $4.96, costs of suit, a copy of the items of which costs as entered on the original writ hereunto annexed as aforesaid," etc.   The aggregate of the items of costs was $3.92.

The view taken in the opinion renders a report of the other facts unnecessary.

*D. D. Stewart,* for the plaintiff in error.

*J. Crosby,* for the defendant.

LIBBEY, J.   This is a writ of error to reverse the judgment of a trial justice. One of the errors assigned, as matter of law, is that judgment was rendered for costs illegally taxed, and for a larger sum than the amount of all the items taxed and allowed by the justice.

By an inspection of the items of costs taxed and allowed by the justice, and referred to in the judgment and made a part thereof, the amount is found to be $3.92.   Judgment was ren-

dered for the debt claimed and for $4.96 costs of suit. This is manifest error apparent upon the record. *Valentine* v. *Norton*, 30 Maine, 194. *McArthur* v. *Storrett*, 43 Maine, 345.

As the judgment must be reversed for this error, it is unnecessary to consider the other errors assigned.

*Judgment reversed.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.

APPLETON, C. J., did not concur.