Elizabeth Boyer *et al.*

*v.*

Robert N. Thornburg *et al.*

*Filed at Ottawa January 25, 1886.*

Ejectment—*plaintiff must recover on the strength of his own title.* A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's. The title in any one other than the plaintiff will defeat a recovery.

Writ of Error to the Circuit Court of Will county; the Hon. George W. Stipp, Judge, presiding.

Messrs. VAN ARMAN & VALETTE, and Mr. HENRY DECKER, for the plaintiffs in error:

The acknowledgment of Thornburg that he went into possession under Boyer, is sufficient to entitle Boyer's heirs to recover. Taylor on Landlord and Tenant, sec. 706; Bigelow on Estoppel, 376.

If the tenant acquires the superior title, he must surrender possession and bring his action of ejectment. The law will not allow him to take any advantage whatsoever by the possession acquired from his landlord. Washburn on Real Prop. 482, 399; *Auking* v. *Pierce,* Breese, 260; *Furgeson* v. *Miles,* 3 Gilm. 358; *Tilghman* v. *Little,* 13 Ill. 241; *Fusselman* v. *Worthington,* 14 id. 135; *Brown* v. *Keller,* 32 id. 151; *Carter* v. *Marshall,* 72 id. 601; *Doty* v. *Burdick,* 83 id. 473.; *Cox* v. *Cunningham,* 77 id. 345; *Hardin* v. *Forsyth,* 99 id. 545; Taylor on Landlord and Tenant, (5th ed.) secs. 89, 92.

Mr. G. D. A. PARKS, and Mr. R. E. BARBER, for the defendants in error:

Thornburg was in possession of the premises long before Boyer acquired his claim, and never became the tenant of Boyer. It is claimed that Thornburg in his lifetime admitted his tenancy. Evidence of admissions shown after the death of the alleged speaker is received with great jealousy and caution, when they consist of loose, casual conversations not shown to have influenced the conduct of any one. This is especially so when such admissions are sought to be used to create or defeat titles to real estate. *Ray* v. *Bell,* 24 Ill. 452; *Winslow* v. *Cooper,* 104 id. 231; *Bragg* v. *Geddes,* 93 id. 60; *Young* v. *Fouts,* 43 id. 39; *O'Reilly* v. *Fitzgerald,* 40 id. 313; *Ayers* v. *Metcalf,* 39 id. 307; *Frizell* v. *Cole,* 29 id. 465; 1 Greenleaf on Evidence, secs. 200-204.

An outstanding title was shown, which is a perfect defence to a plaintiff who has never been in possession. This rests upon the rule that the plaintiff must recover on the strength

of his own title.   *Doty* v. *Burdick*, 83 Ill. 473; *Hulick* v. *Scoville*, 4 Gilm. 172; *Masterson* v. *Cheek*, 23 Ill. 75; *Stuart* v. *Dutton*, 39 id. 95; *Ballance* v. *Flood*, 52 id. 52.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by Elizabeth Boyer, Julius Boyer, Emma Corneau and Florence Paulson, in ejectment, against John Thornburg and Robert Thornburg, and was to recover a quarter section of land described by its numbers in the declaration.   After the death of John Thornburg, his heirs at law, by leave of court, were made defendants.   Only the plea of not guilty was filed by defendants, and on the trial, without the intervention of a jury, the court found plaintiffs were the owners in fee of an undivided one-half of the quarter section, and rendered judgment in the usual form that they recover the same.   As to the other undivided one-half, the court found defendants not guilty.   Not being satisfied with the finding and judgment in their favor, plaintiffs entered a motion for a new trial, which was by the court overruled. An exception to the decision of the court was taken in the usual mode, and plaintiffs bring the case to this court on error.

A certified copy of a patent from the United States to James B. Lowry and Nathaniel A. Lowry, dated October 30, 1839, conveying to them the land in question, was admitted in evidence.   Proof was made that Nathaniel A. Lowry was dead. Quitclaim deeds from his heirs were introduced in evidence, which show the patent title to the undivided one-half of the quarter section was in plaintiffs at the time this suit was commenced.   The other undivided one-half of the premises never came to them by any conveyances from James B. Lowry. It would seem to be, from the evidence, outstanding in one Charles M. Macubin.   If this were all the evidence in the case it is quite clear plaintiffs could in no event recover more than the undivided one-half of the quarter section, as they

did.  It is a familiar principle that a plaintiff in ejectment
must recover on the strength of his own title, and not on the
weakness of his adversary.  It is no matter whether the title
is in defendants or not.  If it is in any one other than the
plaintiffs, that will defeat the recovery.  It is apparent plain-
tiffs in this suit never had the patent title to more than one
undivided half of the premises.  The patent title to the other
undivided one-half is still outstanding in some one else.

It is claimed, however, that Charles A. Boyer, to whose
rights in the premises plaintiffs have succeeded, by inherit-
ance, as his heirs at law, in his lifetime was the owner of
the entire quarter section, and that John Thornburg, under
whom defendants claim title, entered into possession under
him, as tenant or otherwise, and are therefore estopped to
deny his claim of title, whatever it may be, and must accord-
ingly surrender their possession to plaintiffs.  It is for that
reason it is insisted the finding of the court was erroneous
as to the other undivided one-half of the quarter section.
The position taken is not fairly supported by the evidence.
The testimony bearing on the question made has been ex-
amined, and it is thought it is so uncertain whether John
Thornburg entered into the possession of the premises under
Boyer, as tenant or otherwise, that the present judgment
can not be disturbed.  It is proved with reasonable certainty
that John Thornburg entered into possession of the premises
as early as 1860, or in 1861, and this suit was not brought
until September 6, 1880.  It seems probable if John Thorn-
burg was a mere tenant of Boyer, the latter could, and no
doubt would, have recovered the possession long years before
his death, or else had some written contract as to the terms
on which Thornburg should occupy the premises.  Nothing of
that kind was done, and no reason is perceived for being
dissatisfied with the finding of the circuit court upon the
evidence, and its judgment must be affirmed.

*Judgment affirmed.*