# JOHN D. HART

*v.*

# LUCY A. BURCH.

*Filed at Springfield October 31, 1889.*

1. DOWER—*when the right becomes consummate—in respect to an estate in common.* A died seized of lands, leaving a widow and eleven children, after which one of his sons died, leaving a widow and children: *Held,* that upon the death of such son his widow's right of dower in the undivided one-eleventh part of the land of which the first party died seized, and of which her husband died seized as a tenant in common with his brothers and sisters, became consummate, and the right of action accrued to her to have the same assigned.

2. SAME—*nature of the right before assignment—and to whom transferable.* The right of dower, when consummate, is, before assignment, a right existing in action only. It can exist only in the person upon whom it is cast by operation of law, and a deed or conveyance of it will pass no title, and can only be effective as a release and extinguishment of the right. Such right of dower is not the subject of transfer or sale, and can not be released to one not in privity with the title under which the dowress claims.

3. While it is not necessary that the releasee should hold the fee, yet he must be the legal or equitable owner of the title, or stand in such relation thereto that the dower right, upon the execution of the release, will unite with the fee.

4. In a proceeding for the partition of land between the tenants in common, in which the widow of one of the co-tenants was not served with process and had not appeared, certain of the lands were sold under the decree of the court. After such sale, and before its confirmation, the purchaser, who was one of the contestants, procured a release or quitclaim deed from the dowress: *Held,* that such deed or release was void, for the reason that the purchaser had no title, legal or equitable, in the lands.

5. SAME—*tenancy in common—and herein, of the mode of assigning dower in an estate held in common.* The dower of a widow of one of several tenants in common is an incumbrance upon the share or interest of which her husband was seized, and not upon the title of any of his co-tenants. It has been held that a widow having dower in the common estate may release to one tenant in common for his share, without releasing her dower to another tenant in common who has a different share.

6. Where the husband dies seized of an undivided interest in land as a tenant in common with others, his widow can not have her dower set off by metes and bounds, but is entitled to have the third part of the share of her husband, to hold in common with his co-tenants. Her dower must be assigned in common, as she can not have it otherwise than as her husband held his estate. In case of a partition her dower will follow the portion assigned to the heirs of her husband.

7. Where lands held by tenants in common are ordered to be sold in a proceeding for partition, in which the widow of one of the parties is not brought into court by service or otherwise, but her interest was set out in the bill, and after the sale, and while the court still had juris-diction, she appeared and consented to the decree and sale, and elected to take her dower interest in money, it was *held*, that the court might properly act upon such election, and award to her her interest in money without the filing of a cross-bill, as such action in no way affected the interest of the purchaser.

8. JUDICIAL SALE—*rights of purchaser—prior to confirmation of the sale.* A sale of land by the master in chancery upon a decree of sale in a proceeding for partition is not. before confirmation, a sale, in a legal sense, but the bargain is incomplete, and confers no right in the land upon the purchaser. The court is, in fact, the vendor, and its final order of approval is essential to the completion of the sale.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

David Hart died seized of certain lands, and leaving him surviving, his widow, Elizabeth, and eleven children, to whom the land descended in equal parts, incumbered with the dower of said widow. Subsequently to the death of said David, Wesley B. Hart, one of such children and heirs-at-law, died intestate, leaving him surviving, his widow, Lucy A., appellee, and children, to whom his interest in said lands descended, subject to the dower of his widow. Afterwards, certain of the heirs-at-law of David Hart, deceased, filed a bill in the Morgan circuit court for partition and the assignment of dower to each of such widows,—to Elizabeth in the whole of said lands, and to Lucy A. in the undivided one-eleventh of such lands which had descended to Wesley B., subject to the dower of said Elizabeth,—and the bill contained apt averments for the as-

signment of dower to each, respectively, but the said Lucy A., widow of Wesley B., was not summoned, nor was any further attention paid to or notice taken in the proceedings, of her interest until after the sale of the lands. Such proceedings were, however, had, that two hundred acres of said lands were allotted to said Elizabeth as her dower in the whole, and the residue having been reported as not being susceptible of division, a sale thereof was ordered. In pursuance of the decree for sale, the master sold portions of said lands, realizing therefor, net, $3364.46, after paying costs, etc., and which, upon report thereof to the court, was duly approved at the May term, 1886. Subsequently, in further execution of the decree for sale, the master sold the residue of said lands ordered sold, being two hundred and thirty-six acres, to appellant, John D. Hart, for $5929.87, which sale was, at the November term, 1886, of said court, duly approved. After the last mentioned sale to John D. Hart, but before it was reported by the master or approved by the court, and on the 29th day of August, 1886, said John D., for the consideration of $50, procured the quitclaim deed of Lucy A. Burch, widow of said Wesley B., to himself, for all her interest in the lands of which David Hart died seized.

On the 28th of March, 1887, and before the distribution of the money arising from said sales, but after their approval by the court, said widow, Lucy A., filed her interpleader in said cause, admitting that she was the widow of Wesley B. Hart, deceased, and endowable of the undivided one-eleventh of said lands as such widow, as alleged in the original bill, and averring that the same had never been allotted to her; affirming the sales made, and praying that her dower interest be ascertained and set off out of the money derived by sale of the interest in said lands in which her dower right existed, either by investing a sum in lieu of dower, or the allowance of a sum in gross, etc. Subsequently she filed her cross-bill, seeking the same relief, and also to have the quitclaim deed

of August 29, 1886, set aside and cancelled, alleging a tender back of the consideration paid therefor, and bringing the same into court. On the 18th of May, 1888, she also filed a written election to take and accept in lieu of dower, etc., such sum in money as might be found equal to the same, out of the proceeds of the sale.

The appellant, John D. Hart, answered, setting up and insisting, first, that said deed was a valid release of dower; and second, that the relief sought by said widow could be obtained only by original bill, to which the purchasers at the first sale were made parties. The tender back of the $50 paid for the deed was admitted, and it was agreed that if the court granted the relief sought by said widow, one-seventh of the sum, representing one-eleventh of the net proceeds of said sales, should be taken as the basis in fixing the sum to be taken by her in lieu of dower.

. The court, by its decree, found said Lucy A. entitled to dower in the one-eleventh part of the land sold, and fixed the amount to be taken in lieu thereof accordingly; found the deed to John D. Hart void, and set the same aside, and directed the payment of the sum tendered,—$50,—to John D. Hart, etc. From this decree John D. Hart prosecutes this appeal.

Messrs. MORRISON & WHITLOCK, for the appellant:

The decree is erroneous, because Lucy A. Burch was not a party in the original proceeding. If her deed was inoperative, the title to the first sale having passed to the several purchasers, then she placed herself in the position of seeking to dispose of her dower interest in lands, while the owners of the fee were not parties to the suit. If she could recover her dower in the lands first sold, she must do it by bill making the owners of the fee parties. The decree of sale required a lien to be reserved in the deed of the master, and John D. Hart was interested in the fund secured by that lien. He was one of the distributees. He was in equity bound to the purchasers,

and he would have no right to assert this right of dower in the lands first sold. This was all that was required in order to enable Mrs. Burch to make a valid release of dower to him. *Chicago Dock Co.* v. *Kinzie*, 49 Ill. 295.

But the circuit court was not content in holding the grantee in the deed was not entitled to the proceeds of the dower of Mrs. Burch in the lands first sold, and in setting aside the deed as to them, but the decree goes further, and sets aside the deed as to all the lands,—that is, declares the same void. John D. Hart was the equitable owner of the two hundred and thirty-six acres purchased by him at the sale of August 5, 1886, at the date of the deed to him of August 29, 1886. The sale was not complete till approved, but he was the equitable owner of the entire title, subject to the dower of Mrs. Burch and of the lien for the unpaid part of the purchase money. We think, according to *Bailey* v. *West*, 41 Ill. 290, *Robbins* v. *Kinzie*, 45 id. 354, and *Chicago Dock Co.* v. *Kinzie*, 49 id. 289, John D. Hart sustained such relations to the title as enabled him to take and Mrs. Burch to release to him her dower right in the lands purchased at the second sale. At all events the deed was valid as to those lands, and it follows the decree is erroneous, because it sets aside the deed as to them.

John D. Hart was the owner of an undivided interest in all the lands set off to Mrs. Elizabeth Hart for her dower in the estate of her deceased husband, David Hart. John D. Hart purchased and paid for the unassigned dower interest of Mrs. Burch in these lands, with the other lands of David Hart, deceased.

Mr. M. T. LAYMAN, for the appellee:

Dower can not be conveyed before it is assigned. The dowress may release it so as to bar her from asserting it against the owner in fee. *Blain* v. *Harrison*, 11 Ill. 384; *Summers* v. *Babb*, 13 id. 483; *Bailey* v. *West*, 41 id. 290.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

The principal question arising upon this record is, whether the quitclaim deed of August 29, 1886, from Lucy A. Burch, appellee, to appellant, operated to release her dower in the lands of which her husband died seized. It is not questioned that this deed was in every way sufficient for that purpose, if the grantee therein stood in such relation to the estate that a release thereof to him would unite the dower with the fee. Upon the death of her husband, Wesley B. Hart, appellee's right of dower in the undivided one-eleventh part of the land of which David Hart died seized, and of which her husband died seized as tenant in common with his brothers and sisters, became consummate, and the right of action accrued to her to have the same assigned. The right of dower, when consummate, is, before assignment, a right resting in action only. It can exist only in the person upon whom it is cast by operation of law, and a deed or conveyance of it will pass no title, and can only be effective as a release and extinguishment of the right. Such right of dower is not the subject of transfer or sale, and can not be released to one not in privity with the title under which the dowress claims. Washburn on Real Prop. 247, 252, 301; 1 Scribner on Dower, 478; *Summers* v. *Babb*, 13 Ill. 483; *Chicago Dock Co.* v. *Kinzie*, 49 id. 289; *Reiff* v. *Horst*, 55 Md. 42; *Kitzmiller* v. *Van Rensalear*, 10 Ohio St. 63.

While it is not necessary that the releasee should hold the fee, yet he must be the legal or equitable owner of the title, or stand in such relation thereto that the dower right, upon execution of the release, will unite with the fee. An attempted conveyance to one not standing in such privity is ineffectual to release dower.

Some months before the execution of the deed by the dowress, a considerable portion of the land had been sold at the master's sale, under the decree in partition, to strangers, and

the deeds confirmed. Afterward, but still before the making of the deed by the dowress, the residue of the land was sold by the master in chancery, in further execution of the decree in partition, to appellant, but no report of the sale had been made or confirmation thereof had, nor a conveyance by the master made, until some months after the execution of the deed by the dowress to appellant. Did appellant, by virtue of his purchase at the master's sale, acquire such interest in the land as would enable him to take a release of dower? It is clear he did not as to all that portion which had previously been sold to others. The title to so much had passed into others with whom he had no connection. Whatever right he may have had in these lands had been extinguished by the sale, and the deeds made in pursuance thereof. Nor did he stand in the relation of warrantor in the chain of title, so as to bring him within the rule that a warrantor may purchase in the dower outstanding, and thus relieve himself from liability upon his covenants of warranty.

In respect of the portion purchased by appellant, it is contended that although the sale was not complete until approved, he was nevertheless the equitable owner of the title, and might purchase in the dower of appellee. This, we think, is an erroneous view. It is true that the release may be made to the equitable owner of the land, for he could not assert it against the fee owner, but upon its release to him would become merged and extinguished. The difficulty here lies, not in ascertaining the rule of law, but in the relation appellant sustained to the title by virtue of his purchase.

A sale by a master in chancery, or other person authorized to execute the decrees in chancery, is not, until confirmed by the court, a sale, in a legal sense. Until confirmed, the bargain is incomplete, and confers no right in the land upon the purchaser. "Until then," says Mr. Rohrer, (Judicial Sales, sec. 124,) "it is a sale only in the popular sense, and not a legal or judicial sense. The chancellor has a broad discretion

in the approval or disapproval of such sale. The accepted bidder acquires, by the mere acceptance of his bid, no independent right * * * to have his purchase completed, but is merely a preferred proposer, until confirmation of the sale by the court, as agreed to by its ministerial agent." (See *Young* v. *Keogh*, 11 Ill. 642; *Ayres* v. *Baumgarten*, 15 id. 444; *Rawlings* v. *Bailey*, id. 178; *Bussy* v. *Hardin*, 2 B. Mon. 407; *Hay's Appeal*, 51 Pa. St. 58.) In the case last cited the court says: "Even the highest bidder, whose bid has been returned to the court as the best offered, has acquired no right which debars the heirs or their counsel from endeavoring to have his bid rejected and a re-sale ordered. His bid, though the highest, was but an offer to purchase, subject to the approval or disapproval of the court, and in approving sales made in partition, it is the duty of the court to regard primarily the interest of the heirs."

But if the authorities were not comparatively uniform in this respect, it would seem no doubt would remain upon reading the statute of this State in respect thereto. (Secs. 29 and 30, chap. 106, Rev. Stat.) It will be seen that the matter of the sale and purchase is left *in fieri* until the court shall render its order of approval. Confirmation is final consent, and the court, being in fact the vendor, may consent, or not, in its discretion. (Rohrer on Judicial Sales, secs. 122-132.) The purchaser therefore acquires no interest in or right to the land, and being a mere offerer to purchase, stands in no such relation to the title that a purchase in of a dower interest therein would unite it with the fee. It follows that appellant, by virtue of his purchase at such master's sale, acquired no such interest in the land as would enable him take a release of dower.

It is also urged, that appellant was owner, as tenant in common with the other heirs-at-law of David Hart, deceased, of an undivided interest in all the land set off to Mrs. Elizabeth Hart, widow of said David, for her dower, as well as in all the land of which said David died seized. It is true that appel-

lant owned the undivided one-eleventh of all of said land as tenant in common with his brothers and sisters, or the heirs of such as were deceased. The children and heirs-at-law of Wesley B. Hart, also, as representing their father's share, were seized of a like interest in common.

It is said that appellant, as tenant in common in said lands, might purchase in the outstanding dower of the widow of said Wesley B. Hart, deceased. It may readily be conceded that one tenant in common may buy in an outstanding incumbrance or right of dower affecting the common estate, and may compel contribution therefor from his co-tenants, and still this contention remain entirely groundless in this case. Each tenant in common was here seized of the undivided one-eleventh part of the estate, subject to the dower of the widow of their father, David Hart, which, as we have seen, was assigned in this proceeding, leaving the residue unincumbered thereby. Wesley B. Hart, one of the tenants in common, died, leaving children, to whom his interest descended, incumbered by the dower of his widow. The dower right arose, by operation of law, upon the seizin of the husband, and accompanied and was dependent upon the estate of the husband in the land, and was an incumbrance upon the share or interest to which he had title, and none other. No claim or right of dower in the widow of Wesley B. attached to the share or portion of any of his co-tenants. The only unity required between tenants in common is that of possession. (2 Cruise's Digest, tit. 20, 2.) One tenant in common may hold in fee simple and another for life; one may hold by descent and another by purchase. Thus it is that tenancies in common descend to the heirs of each tenant, because they have several freeholds and not an entirety of interest. (Ibid. 8.) And it has been held that a widow, having dower in the common estate, may release to one tenant in common for his share, without releasing her dower to another tenant in common who has a different share. *White* v. *White*, 1 Harr. 202.

Dower, under our statute, is assignable by metes and bounds when the land is susceptible of division without manifest prejudice to the parties in interest; but there is no provision, in terms, for the assignment in lands held in common, and in determining the mode of assignment, where partition between the tenants in common is not made, resort must be had to the rules of the common law. At common law the widow was entitled to have assigned to her one-third of the lands and tenements of which she was dowable, to be set out by metes and bounds, where it was practicable. Such is the widow's common law right. When the property did not admit of an assignment of dower in severalty, either from the nature of the husband's interest in it or from the quality of the thing itself, the assignment by metes and bounds was necessarily dispensed with. "Thus, if the husband be seized in common, or in co-parcenary, and die without partition, the widow can not have her dower assigned by metes and bounds, but shall have the third part of the share of her husband, to hold in common with the heir and the other tenants." (Co. Litt. 32 b; Scribner on Dower, 80; *Sutton* v. *Rolfe*, 3 Lev. 84.) In cases where the widow was entitled to dower of a part or portion held as tenant in common, the dower must be assigned in common. She being entitled, *pro tanto*, of her husband's estate, can not have it otherwise than her husband had it. (Cruise's Digest, tit. 6, chap. 3, sec. 10, and tit. 20, sec. 25.) That is, she being by the statute endowable of the lands of which her husband died seized, is let into the estate as he possessed it as his decease, and not otherwise;—so that, the dower of his mother having been assigned, the heirs of Wesley B. Hart held in common one-eleventh of the residue, subject to the dower of appellee therein, and she would be entitled to one-third of one-eleventh for her life in common, and the heirs-at-law of Wesley B. Hart to two-thirds of one-eleventh thereof during the continuance of her life estate. In case of partition, as we have seen, such dower interest would follow

the portion assigned to the heirs of Wesley B. Hart. See, also, *French* v. *Lord*, 69 Me. 536.

It must be apparent that this dower right was not an incumbrance upon the estate held in common. Appellant had no interest in, or right (legal or equitable) to, the undivided portion of the land out of which appellee's dower arose and upon which it was alone dependent. A conveyance to him would, therefore, no more unite it with the fee vested in the heirs-at-law of Wesley B. Hart, than would a conveyance to any stranger to the title.

It is also insisted, that relief was improperly granted without the filing of an original bill by appellee, to which the purchasers at the first sale were made parties. The original bill filed by appellant, by apt averment set out the dower interest of appellee, and prayed for its assignment, and which were ample upon which to base the decree. The fund derived from the sale was in the control of the court, for distribution; and although she had not been served, and the cause had proceeded to decree and sale without further notice of her dower right, yet appellee, while the court had jurisdiction, came into court, consented to the decree and sale, and elected to take her dower interest in money. The land had been reported not susceptible of division. There is no pretense the land had not sold for its full value, and we can see no impropriety in the decree rendered. Nor were the purchasers at the first sale at all necessary parties. It would have been inequitable to have burdened them with the expense of independent litigation. By the decree rendered, their interests are in no way affected.

Finding no error in the record, the decree is affirmed.

*Decree affirmed.*