RUTH A. PHELPS

*v.*

WILLIAM NAZWORTHY.

*Opinion filed February 21, 1907—Rehearing denied April 4, 1907.*

1. EJECTMENT—*a plaintiff must recover on strength of her own title.* A plaintiff in ejectment must recover, if at all, upon the strength of her own title and not upon the weakness of the defendant's title.

2. SAME—*when guardian's deed is invalid.* A guardian's deed which fails to show any order of the court to sell the land or that the sale was reported to the court and confirmed by it is invalid and does not convey the title of the ward.

3. SAME—*when guardian's deed is ineffectual to correct mistake.* A guardian's deed made to correct an alleged mistake in a former deed, which omitted to convey a certain lot with the other property therein described, does not cure the alleged mistake, where the ward had previously attained his majority and conveyed the lot to another person, and there is no proof that he had actual or constructive notice that the lot had been omitted from the former deed.

4. SAME—*fraud is an available defense to ejectment.* The fact that the grantees and grantors in certain deeds under which the plaintiff in ejectment claims title are fictitious persons is a good defense to the action.

5. EVIDENCE—*what admissible as tending to show fraud.* Where it is claimed by the defendants in ejectment that a certain guardian's deed in the plaintiff's chain of title was made to a fictitious person, and the guardian, when called as a witness, testifies that the grantee lived in a certain township, the defendant may prove by witnesses well acquainted with the inhabitants of that township that they had never known of such a person living there.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. PAUL McWILLIAMS, Judge, presiding.

R. M. PEADRO, and W. K. WHITFIELD, for plaintiff in error.

E. J. MILLER, and F. J. THOMPSON, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of ejectment commenced in the circuit court of Moultrie county by Ruth A. Phelps, against William T. Nazworthy, to recover the possession of lots 3 and 8 in block 8, and lots 11 and 12 in block 14, in Camfield's Railroad addition to the town (now city) of Sullivan, Illinois. The declaration was in the usual form in an action of ejectment, and the defendant filed the general issue and a plea denying that any demand had been made upon him for the possession of the premises prior to the time the suit was instituted. The trial resulted in a verdict and judgment in favor of the defendant, and the plaintiff has sued out a writ of error from this court to reverse said judgment.

Three reasons are urged in this court as grounds of reversal: First, that the verdict was contrary to and not supported by the evidence; second, that the court erred in the admission of evidence; and third, that the court erred in giving to the jury certain instructions offered upon behalf of the defendant and in refusing one instruction offered upon behalf of the plaintiff.

The plaintiff, to show title in herself, introduced in evidence page B of a record book kept in the county clerk's office of said county, designated by the county clerk in his testimony as "Land book, Moultrie county," which showed the eighty-acre tract of land upon which the town (now city) of Sullivan is located was entered August 6, 1836, by Joseph B. Loose; the record of a deed from Joseph B. Loose

conveying said premises to Alexander Hamilton, bearing
date September 21, 1841, filed for record February 14, 1873;
the record of a deed from Alexander Hamilton and wife con-
veying said premises to James Camfield, bearing date De-
cember 13, 1860, filed for record February 14, 1873; the
record of a plat of Camfield's Railroad addition to the town
(now city) of Sullivan, which was filed for record Decem-
ber 24, 1868; the record of the will of James Camfield, de-
ceased, which was admitted to probate in said county April
4, 1870, by which James Camfield gave and devised to Wil-
liam Grant Camfield, his minor son, all the real estate of
which he died seized; the record of a deed from John H.
Baker, guardian of William Grant Camfield, purporting to
convey to J. H. Jones lot 3 in block 8, and lots 11 and 12 in
block 14, in Camfield's Railroad addition, etc., bearing date
October 1, 1880, filed for record November 22, 1880; the
record of a deed from John H. Baker, as guardian, purport-
ing to convey to J. H. Jones lot 8 of block 8, in Camfield's
Railroad addition, etc., bearing date February 1, 1881, filed
for record August 12, 1889, which deed recited it was made
to correct an error in the deed from John H. Baker, as
guardian, to J. H. Jones, bearing date October 1, 1880; the
record of a deed from J. H. Jones purporting to convey lots
3 and 8 of block 8, and lots 11 and 12 of block 14, in Cam-
field's Railroad addition, etc., to L. O. McParker, bearing
date April 12, 1890, filed for record July 18, 1891, acknowl-
edged before John H. Baker, as notary public; and a deed
from L. O. McParker purporting to convey lots 3 and 8 of
block 8, and lots 11 and 12 of block 14, in Camfield's Rail-
road addition, etc., to Ruth A. Phelps, bearing date March
18, 1895, and filed for record April 9, 1895, the original of
which deed has been certified by the trial court to this court
for examination and inspection. The plaintiff also intro-
duced in evidence the record of a deed from Mary E. Harris
purporting to convey to William Grant Camfield a strip of
land one hundred feet wide running across blocks 8 and 14,

in Camfield's Railroad addition, etc., bearing date October 2, 1886, filed for record October 16, 1886; also the record of a deed from William Grant Camfield and wife to John H. Baker, bearing date August 21, 1887, filed for record December 7, 1887, and conveying premises described as commencing at the north-west corner of lot 10 in block 14, in Camfield's Railroad addition, etc., running south one hundred feet; thence east one hundred and fifty feet; thence north one hundred feet; thence west one hundred and fifty feet to the place of beginning; also the record of a deed from John H. Baker and wife to Ruth A. Phelps, bearing date June 25, 1895, filed for record June 26, 1895, purporting to convey premises described as commencing at the north-west corner of lot 10 in block 14, in Camfield's Railroad addition, etc.; thence running south one hundred feet; thence east one hundred and fifty feet; thence north one hundred feet; thence west one hundred and fifty feet to the place of beginning.

The defendant, to establish title in himself, introduced in evidence the record of a deed from William Grant Camfield and wife to himself, bearing date August 4, 1888, filed for record August 25, 1888, conveying all the interest of the grantee in block 8 in Camfield's Railroad addition, etc.; also the record of a deed from Patrick Dooly and wife to himself, dated March 21, 1889, filed for record April 3, 1889, conveying lots 11 and 12 in block 14, in Camfield's Railroad addition, etc.; and the record of a deed from William Grant Camfield and wife to himself, bearing date October 13, 1888, filed for record December 6, 1888, conveying lots 11 and 12 in block 14, in Camfield's Railroad addition, etc. He also introduced evidence tending to show that he had been in possession of lots 3 and 8 in block 8 since the said lots were conveyed to him by William Grant Camfield on October 13, 1888, and had been in possession of lots 11 and 12 in block 14 since the same had been conveyed to him by Patrick Dooly, on March 21, 1889, and that he had made

226—17

valuable improvements on the premises located in blocks 8 and 14 during the time he had been in possession thereof, and that prior to the time he took possession of said lots 3 and 8 in block 8, and lots 11 and 12 in block 14, they were vacant and unimproved.

This court has frequently held that the plaintiff in ejectment must recover on the strength of his own title and not on the weakness of his adversary's title. *Boyer* v. *Thornburg,* 115 Ill. 540; *Terhune* v. *Porter,* 212 id. 595.

It is conceded by both parties that the title was in James Camfield at the time of his death. The question therefore arises, did the plaintiff show title in herself by *mesne* conveyances from James Camfield? The title deeds introduced by the plaintiff show a connected chain of title from James Camfield to herself, but it is said by the defendant that the deeds from John H. Baker, as guardian, to J. H. Jones are void and that such deeds did not convey title, as the record fails to show that John H. Baker made the sale in pursuance of an order of the county court of Moultrie county, from which court he obtained his appointment, or that the sale, if made under an order of court, was ever confirmed by the court. This record fails to show an order authorizing the sale or an order confirming it. In the early case of *Young* v. *Keogh,* 11 Ill. 642, which was an ejectment suit, the plaintiff relied upon a guardian's deed to show title in himself. The record failed to show that the guardian had reported the sale to the court and had it confirmed by order of court, and it was held the guardian's deed, for want of such order of confirmation, did not transfer the title of the minor to the purchaser. The doctrine announced in that case has been approved in *Musgrave* v. *Conover,* 85 Ill. 374, and *Reid* v. *Morton,* 119 id. 118, and is the settled law of this State. We think it clear, therefore, that the plaintiff failed to establish title in herself through said guardian's deeds.

The record further shows that lot 8 in block 8, in Camfield's Railroad addition, etc., was omitted from the guard-

ian's deed of October 1, 1880, and that such omission was attempted to be cured by a second guardian's deed bearing date February 1, 1881, which deed included said lot 8. That deed, however, was not recorded until August 12, 1889, and in the meantime, and on October 13, 1888, the defendant had obtained title to said lot 8 from William Grant Camfield, who was the record owner thereof, he having then attained his majority, and was in possession of said lot prior to the time when the guardian's second deed was recorded. There is no proof that the defendant had actual notice that said lot had been omitted from the guardian's first deed, and as there is nothing in the record to show that he had constructive notice thereof, the guardian was powerless to correct said omission by making a second deed, as against the defendant.

It is also charged by the defendant that the guardian's deeds from John H. Baker to J. H. Jones, and the deed from J. H. Jones to L. O. McParker, and the deed from L. O. McParker to the plaintiff, were made by John H. Baker for the purpose of defrauding his ward, William Grant Camfield, out of the property described therein, in this: that said J. H. Jones and L. O. McParker were fictitious persons, and that John H. Baker fraudulently pretended to convey said premises to J. H. Jones and placed the deeds of record, and that he afterwards fraudulently prepared a deed from J. H. Jones to L. O. McParker, which purports to be acknowledged before himself as a notary public, and had the same recorded, and then fraudulently prepared a pretended deed from L. O. McParker to the plaintiff, which also purports to be acknowledged before John H. Baker, as a notary public, and delivered it to the plaintiff, who is the sister-in-law of John H. Baker, and that John H. Baker then began this suit in the plaintiff's name for the recovery of said premises. Baker stated, in effect, while upon the witness stand, that J. H. Jones lived in Long Creek township, Macon county, and was in his employ at the time the guardian's deed was

made to him; that Jones purchased the premises without seeing them, and that during the years the title to the premises rested in Jones he was the agent of Jones; that McParker lived in Lincoln, Nebraska; that as agent for Jones he sold the premises to himself as agent for McParker, and that he then handled the premises as the agent of McParker, and that he afterwards, as the agent of McParker, sold the premises to himself as the agent of the plaintiff, and that he was the agent of the plaintiff in the bringing of this suit. The original deed from McParker to the plaintiff was introduced in evidence and has been certified by the trial court to this court for examination and inspection. A number of persons who lived in Long Creek township and in Macon county, and who were well acquainted with the inhabitants of said township and county, testified that they never knew a man by the name of J. H. Jones in said township or county, and the deed from McParker to the plaintiff, before us, appears, including the signature of L. O. McParker, to be in one handwriting, and John H. Baker admitted upon the witness stand that the body of the deed, and the acknowledgment, were in his handwriting.

It has been held by this court that fraud vitiates all acts, and is cognizable in a court of law as well as in a court of equity. (*Jamison* v. *Beaubien*, 3 Scam. 113; *Rogers* v. *Brent*, 5 Gilm. 573; *Kirkpatrick* v. *Clark*, 132 Ill. 342.) In the *Jamison case*, which was an ejectment suit, it was held competent for the defendant to show that a pre-emption was made through fraud and collusion. The court, on page 115, said: "Fraud, it is said, vitiates all acts as between the parties to it; nor can there be a doubt that fraud is cognizable in a court of law as well as equity. It is an admitted principle that a court of law has concurrent jurisdiction with a court of equity in cases of fraud."

We are of the opinion the court did not err in permitting the defendant to prove by persons well acquainted with the inhabitants of Macon county, and especially with the in-

habitants of Long Creek township, that no man by the name of J. H. Jones ever lived in said township, and are impressed, from a consideration of all the evidence in this record, that the deeds from John H. Baker, as guardian, to J. H. Jones, and from J. H. Jones to L. O. McParker, and from L. O. McParker to the plaintiff, were fraudulent and that the jury properly disregarded said deeds.

The plaintiff, also, to show title in herself, relies upon a deed from William Grant Camfield to John H. Baker, bearing date August 21, 1887, and a deed from John H. Baker to herself, bearing date June 25, 1895. The premises sought to be conveyed by said deeds were described as commencing at the north-west corner of lot 10 in block 14, in Camfield's Railroad addition, etc.; running south one hundred feet; thence east one hundred and fifty feet; thence north one hundred feet; thence west one hundred and fifty feet to the place of beginning. It is said by plaintiff the foregoing description covers lots 11 and 12 in block 14, in Camfield's Railroad addition, etc. No plat of said addition is found in the abstract, and there is no satisfactory proof found in the abstract that lots 11 and 12 of said addition are included within the description by metes and bounds found in said deeds, and John H. Baker, in his testimony, stated that at the time he received the deed from William Grant Camfield for the premises in block 14 he was in possession of lots 11 and 12 of said block as the agent of J. H. Jones, and that he, as guardian, had previously conveyed said premises to Jones, and that his deed from Camfield was only intended as a release of Camfield's rights in the old right of way across said block, known as the Toledo and Thorntown Railroad right of way, and that it was impossible to get a correct description of the right of way, and for that reason the deeds were drawn by metes and bounds, and that the deeds were not intended to convey said lots but were only intended to convey said right of way.

We have examined the instructions given on behalf of the defendant and the one refused offered by the plaintiff, and in view of the fact that the plaintiff failed to show title in herself by the title papers introduced in evidence, we are of the opinion the court committed no reversible error in the giving or refusing of instructions, as the jury, upon the proofs offered, could not have done otherwise than have found the issues for the defendant.

Finding no reversible error in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*