D. KRUIDENIER ESTATE, Appellee, v. BANKERS TRUST COMPANY et al., Appellants.

EVIDENCE: Relevancy, Materiality, and Competency—Fictitious Person. On the issue whether the drawee of a check and the maker of a note and mortgage on real estate was a fictitious and nonexistent person, evidence of the postmaster at the place in question that he knew of no such person is admissible; also, that of the county auditor and of the treasurer that no such person was a taxpayer in their county; and that of the county recorder that the records of his office showed that the land in question belonged to parties other than such alleged person.

EVIDENCE: Relevancy, Materiality, and Competency—Fictitious Person. On the issue whether different names on notes, mortgages, deposit accounts, and checks were fictitious, evidence of the hiring of a post-office box under such alleged name, and of the manner in which mail coming thereto was handled, is admissible, in connection with other evidence connected therewith and tending to show the fictitious character of said alleged parties and who the real actor was.

EVIDENCE: Opinion Evidence—Fictitious Signature—Expert and Jury Comparison. On the issue whether certain signatures on checks are purely fictitious and represent no existing person, and were in reality written by a named existing party, experts in handwriting and the jury may compare said signatures with the admitted or proven handwriting of said named party.

EVIDENCE: Relevancy, Materiality, and Competency—Part of Telephone Message. A witness, in corroboration of testimony as to a conversation over the telephone, may be permitted to detail that part of the talk heard by him, even though he did not know the identity of the other party to the conversation.

Headnote 1: 22 C. J. p. 169; p. 173 (Anno.)  Headnote 2: 22 C. J. p. 173 (Anno.)  Headnote 3: 22 C. J. pp. 772, 778, 779.  Headnote 4: 22 C. J. p. 199 (Anno.)

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JUNE 21, 1926.

REHEARING DENIED APRIL 7, 1927.

Action to recover upon an account. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Sargent, Gamble & Read,* for defendant, appellant.

*Parrish, Cohen, Guthrie, Watters & Halloran,* for intervener, appellant.

*Howard L. Bump,* for appellee.

STEVENS, J.—I.  Sometime prior to April 13, 1923, pretending to represent one C. M. Pearson, Willard H. Halvorsen applied to D. S. Kruidenier, trustee of the D. Kruidenier estate, for a loan of $8,000 upon a tract of land near Nevada, in Story County. The loan was finally consummated on the above date by the delivery of a check for $8,000 to Halvorsen, drawn by the D. Kruidenier estate on the Bankers Trust Company, and made payable to C. M. Pearson. On the following day, the check, bearing the following indorsements on the back thereof, "C. M. Pearson, D. W. Sloeb," was deposited in the Peoples Savings Bank of Des Moines, to the credit of an account carried in the bank in the name of Dirk W. Sloeb. The check was cleared through the local clearing house, and paid by the Bankers Trust Company, on which it was drawn, and charged to the account of appellee.

This action was commenced November 22, 1924. Appellee alleged in the petition that, on or about May 1, 1924, the trustee for the appellee estate learned for the first time that the indorsement of the payee named in the check on the back thereof was a forgery, and that both C. M. Pearson and D. W. Sloeb were fictitious and nonexistent persons. The excuse offered for not earlier learning the facts, as alleged in the petition, was that the interest had been paid when due, and that he had had no occasion to question the genuineness of the note and mortgage until Halvorsen was arrested, upon charges preferred against

him. Before the case was tried, the Peoples Savings Bank intervened, alleging in its petition that the check was paid upon the express waiver by the drawer of the identification of the payee and indorsers. This defense was also interposed by the defendant.

Appellee, at all times after the alleged forgery was discovered, claimed that Halvorsen forged the indorsements upon the back of the $8,000 check, and that no such person as C. M. Pearson or D. W. Sloeb ever existed.

The evidence is undisputed that, on April 13th, Halvorsen deposited in the Shaffer State Bank of Altoona, Iowa, a check for $8,000, drawn upon the Peoples Savings Bank, purporting to have been signed by Dirk W. Sloeb, and made payable to himself. This check was presented to and paid by the bank upon which it was drawn, April 14th.

Appellee offered and was permitted, over the objections of appellants, to introduce the testimony of the postmaster at Nevada, the deputy county treasurer, the county recorder, and the deputy county auditor of Story County, to show that no such person as C. M. Pearson got mail at the post office in Nevada; that his name did not appear in the post-office directory; and that he had never known or heard of such a person's residing in that community; that C. M. Pearson's name did not appear upon the books of the county treasurer, as a taxpayer of either personal or real property in Story County for the years 1922 and 1923; that the records of the county recorder's office showed that the title to the land described in the mortgage was owned in 1923 by the grantees of Lucy N. Silliman, widow of H. N. Silliman, to whom it was conveyed February 10, 1908.

1. EVIDENCE: relevancy, materiality, and competency: fictitious person.

The objection urged to the admissibility of the testimony above referred to is that it was immaterial and irrelevant to any issue joined, and did not tend to establish the cause of action pleaded. The land described in the mortgage was located near Nevada, and within the territory served by the post office in that city. The postmaster testified that, if a person by the name of C. M. Pearson lived upon the farm, or in that vicinity, his name would appear upon the directory of the office. All of the parties testifying to the above facts were long-time residents of Nevada or the vicinity, and were competent to testify

as to whether a person by the name of C. M. Pearson resided therein. Moreover, it was not only material, but necessary, for appellee, in order to make out the charge of forgery, to show in some way that C. M. Pearson was a fictitious and nonexistent person. We can conceive of no better evidence by which this could be done than such as was offered by appellee. The testimony was relevant and material. *People v. Sanders,* 114 Cal. 216 (46 Pac. 153) ; *People v. Sharp,* 53 Mich. 523 (19 N. W. 168) ; *Phelps v. Nazworthy,* 226 Ill. 254 (80 N. E. 756).

II. Appellee also offered and was permitted to introduce the testimony of the assistant postmaster at Pella, Iowa, and of one H. W. Sloeb, a merchant in Pella, to prove that, on May 1, 1922, Post-office Box 294 at Pella was taken by Dirk W. Sloeb, and that, on July 19, 1922, a second receipt was issued to him therefor; that mail coming to the post-office address to the above named person was frequently forwarded to Des Moines. The assistant postmaster, who testified that he had numerous conversations with the party assuming to be D. W. or Dirk W. Sloeb, identified a photograph of Halvorsen as that of the person he had known as Sloeb. Both witnesses testified that they knew of no one in that vicinity by the name of D. W. or Dirk W. Sloeb.

2. EVIDENCE: relevancy, materiality, and competency: fictitious person.

The admissibility of the above testimony was challenged upon the grounds that it was immaterial, as the only question involved was whether the signature of C. M. Pearson was forged. The court also admitted in evidence the original statement of the account of Dirk W. Sloeb with the Peoples Savings Bank, together with the checks drawn thereon. The evidence tends strongly to identify Halvorsen as the person known as Sloeb, and to show that Pearson was a myth. The renting of a post-office box at Pella under the name of Dirk W. Sloeb, the deposit in the Altoona bank of the $8,000 check drawn by Halvorsen to Sloeb, a fictitious person, on April 13th, and of the check in controversy, payable to a fictitious person, in the Peoples Savings Bank on the following day by Halvorsen, are not explainable upon any theory of good faith. We think it was entirely proper for appellee to show the above mentioned facts, as bearing upon the question of the identity of Pearson. The evidence disclosed a close relation between the several transactions, and

tended to show that Halvorsen must. have known that the indorsements on the back of the check were forgeries. The evidence tended to show a well planned scheme to defraud, and that the transaction with appellee was in furtherance of its execution. The evidence was admissible.

III. A handwriting expert called by appellee was permitted, over appellant's objections, to testify, by comparing the same with the genuine handwriting of Halvorsen, that, in his opinion, each and all of the checks offered in evidence, as well as the indorsements upon the back of the one in controversy, were written by Halvorsen. The jury was also instructed by the court that it might compare the various signatures and specimens of handwriting claimed to have been forged, with the admitted signatures or handwriting of Halvorsen, for the purpose of determining the genuineness of the disputed signatures.

3. EVIDENCE: opinion evidence: fictitious signature: expert and jury comparison.

The principal objection urged by appellant to this testimony is that the testimony of this witness does not come within the purview of Section 11278, Code of 1924, authorizing the introduction of evidence respecting handwriting, and was, therefore, incompetent. The statute is as follows:

"Evidence respecting handwriting may be given by experts, by comparison, or by comparison by the jury, with writings of the same person which are proved to be genuine."

The precise point urged is that the signatures and handwriting offered in evidence as standards were not the handwriting of the person whose signature is questioned, and that, therefore, the right to make the comparison did not exist. The theory of appellee upon which the evidence was offered was that the indorsements upon the back of the $8,000 check were in the handwriting of Halvorsen. If Pearson and Sloeb were myths and nonexistent, then it was certainly competent for appellee to prove, if that was possible,—whether it was necessary to do so or not,—that Halvorsen wrote the indorsements on the back of the check. In order to prove that the handwriting was that of Halvorsen, it was competent for the expert to compare the same with his genuine signature or handwriting. Of course, if the evidence is wholly insufficient, as claimed by appellants, to prove the fictitious character of Pearson, the rule might be otherwise. We need not, however, decide this question. The evidence was

clearly admissible upon appellee's theory of the case. Nothing said in *Klumb v. Iowa St. Trav. Men's Assn.*, 141 Iowa 519, is to the contrary.

IV.  One Stewart was permitted to testify to part of a conversation heard by him over the telephone between Kruidenier and F. F. Flynn, the identity of whom he did not then know.

4. EVIDENCE: relevancy, materiality, and competency: part of telephone message.

The conversation was detailed by Kruidenier, and the witness was competent to testify to what he heard him say. The conversation was denied by Flynn, and the testimony of Stewart tended to some extent to corroborate Kruidenier. Flynn, who is vice president of the Peoples Savings Bank, testified that, before paying the check, he took it to D. S. Kruidenier and told him he did not know Pearson, and asked him to waive the identification of the indorsement. Kruidenier denied this testimony, and asserted that the only conversation he had with Flynn was the one above referred to, over the telephone. To further corroborate the testimony of Kruidenier, B. B. Vorse, an officer of the Bankers Trust Company, was called as a witness, and permitted to testify that Flynn said to the witness that he talked with Kruidenier over the telephone concerning the check. One of the grounds of objection to this testimony was that no proper foundation was laid therefor. The record does not show that Flynn was interrogated as to the conversation with the witness. The conversation between Vorse and Flynn concerned the check which the savings bank had paid, and for which the Bankers Trust Company was held liable. They were representing their respective principals, and the important question was as to whether identification of the indorsements was waived by the drawer of the check. It was not very material whether the conversation was over the telephone or otherwise. Vorse did not pretend to know what the parties said. Even if the evidence was erroneously received, we are of the opinion that it could not have affected the result.

We have sufficiently disposed of all objections to the admissibility of evidence, although we have omitted special reference to some of it; and nothing will be gained by pursuing the subject further. The record discloses no ground for reversal.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.