## WILLIAM THOMAS

### v.

## MOSES ECKARD et al.

88   593
128   63
88   593
131   496
88   593
166   168
88   593
107a  4277

1. LIMITATION—*color of title.* Where a party had conveyed land to another, in trust for the benefit of a portion of the creditors of a railroad company, it was *held,* that a sheriff's deed to the grantor for the same land, based on a sale under execution issued on a judgment against the railroad company, as also a tax deed to the same party, were color of title, under the limitation law.

2. DEED TO TRUSTEES—*what interest passes, and to whom.* Where premises were conveyed in trust to trustees to be held for the benefit of certain creditors of a railroad company, with power to sell the property for the payment of such creditors, it was *held,* that the company took no legal title to the land, or any such interest as could be sold on execution, and that the same could not be sold on execution against the creditors of the company.

3. DEED—*condition as to taking effect, construed.* A condition in a deed, "that this conveyance shall not take effect until the plat of this town of Topeka shall be recorded, but shall take effect from such recording," requires more than the mere spreading of a plat on the record. It is only satisfied when the plat is made, acknowledged and recorded in the manner required by the statute, so as to become valid and binding as a town plat.

4. TOWN PLAT—*essentials to its validity.* A town plat, to become valid and operative, must be made in conformity to the statute, which requires that a survey or plat shall be made by the county surveyor and certified by him, and that the person making the plat or map of the town, etc., shall acknowledge the same before a justice of the Supreme or judge of a circuit court, or a justice of the peace of the county where the land lies, and be acknowledged by the owners of the land.

5. A town plat not certified by the county surveyor, and not acknowledged before one of the officers named in the law, is essentially defective. And a certificate of acknowledgment which does not state that the owners of the land had executed the map and certificate, is informal.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. William Thomas, for the appellant.

Mr. E. A. Wallace, and S. C. Conwell, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of ejectment, brought by appellant and others, to the February term, 1876, of the Mason circuit court, against appellees, to recover a number of lots in the town of Topeka. A trial was had by the court without a jury, by consent of the parties, and the court found in favor of plaintiffs, for a portion of the lots, and as to the remainder, for defendants. Plaintiff Thomas thereupon appeals to this court, and assigns errors, and defendants assign cross-errors.

Plaintiffs filed an affidavit that both parties claim to derive title from the same source. The plaintiffs claim, under a deed from appellee Eckard, conveying the lots in fee to appellant, to be held in trust for the benefit of a portion of the creditors of the Illinois River Railroad Company. The deed contained a provision that it should not take effect until the town plat of Topeka should be recorded. Appellees claim under a judgment recovered against the railroad company, an execution thereunder, a sale thereon, and a sheriff's deed for the property in controversy, and also under a tax deed therefor dated on the 1st day of November, 1866.

On the trial, appellant read in evidence Eckard's deed to him, and the town plat, a certificate of acknowledgment of the same and a certificate that it had been recorded. Appellees then read in evidence a judgment in favor of Adam Shock, and against the Illinois River Railroad Company, for $195.92, recovered at the October term, 1864, of the Mason circuit court, an execution thereon to the sheriff of the county and a return thereon that he had sold the lots to plaintiff in execution, a certificate of purchase from the sheriff to Shock and an assignment thereof to Eckard and Conwell, and a sheriff's deed to them for the property, bearing date the 31st of October, 1866.

They also offered a judgment for taxes against these lots for the year 1864, a certificate of purchase by Eckard thereunder, and affidavit that he published the notice of purchase required by the statute, made three months before the time for redemption expired, but they were rejected by the court. They then read in evidence a tax deed on a sale for taxes to Eckard, which recites a purchase by him, and an assignment of an undivided half to Conwell, which purports to convey the lots to them. It recites the sale, notice of sale, and that the lots had not been redeemed. They then proved the payment of all taxes continuously, on the lots, for ten years after obtaining their deeds, and whilst the lots were vacant and unoccupied.

It is urged by appellant that neither of these deeds is color of title. On the other hand, it is claimed both are color, and the sheriff's deed, under the judgment and execution against the railroad company, conveyed to them the fee in the lots. That either deed is color of title, we can entertain no doubt. That they are, see *Huls* v. *Buntin*, 47 Ill. 396, *Hassett* v. *Ridgely*, 49 id. 197, *McCagg* v. *Heacock*, 34 id. 476, *Chickering* v. *Failes*, 26 id. 507, *Dickenson* v. *Breeden*, 30 id. 280, *Brooks* v. *Bruyn*, 35 id. 392, and numerous other cases in our reports. This tax deed, then, being color of title, and all taxes having been paid on the lots for more than seven successive years under it, the bar became complete if appellees were in possession when suit was brought, and the same is true of the sheriff's deed under the execution against the railroad company.

But was this latter deed evidence of paramount title? This depends upon whether the railroad company had such title. The conveyance was not to or for the use of the company, but to trustees to hold for the benefit of certain creditors of the company. The deed empowers the grantees to sell the lots as they shall think will best promote the objects of the trust, that being the payment of the floating debts and other debts not otherwise secured. Now, from this clause in the deed it is

apparent that the railroad company took no legal title to the lots, or any such interest as could be sold on execution. The holders of the floating and unsecured debts in equity took the beneficial interest in the lots, and not the railroad company, and the lots could not be sold on execution against such creditors or the company. Their remedy, to render the trust availing, was by bill in equity, to compel the trustees to execute the trust, and pay the debts for which these lots were conveyed. Shock, by recovering his judgment against the railroad company, acquired no lien on this property, nor did the levy, sale and sheriff's deed convey any title beyond Shock's right in equity to share in the proceeds of their sale if his debt was of the character designated in the deed.

It is, however, urged, that the town plat was not legally acknowledged and recorded, and hence the title never vested in the trustees, and that Eckard still holds the title and was entitled to defeat a recovery, by thus showing title out of appellant. The language of the deed, that " this conveyance shall not take effect until the plat of this town of Topeka shall be recorded, but shall take effect from such recording," requires more than the mere spreading a plat on the records of Mason county. The requirement is only satisfied when the plat is made, acknowledged and recorded in the manner required by the statute, so as to become valid and binding as a town plat, and to have that effect all of the requirements of the statute should have been substantially complied with. The statute required that the survey or plat should be made by the county surveyor. The 20th section of the act entitled "Corporations," (Rev. Stat. 1845, p. 115) provides that, " the plat or map, after having been completed, shall be certified by the surveyor," and the person making the plat or map of the town, addition thereto, or subdivision of any lots or blocks therein, is required to acknowledge the same before a justice of the Supreme Court, judge of the circuit court, or a justice of the peace in the county where the land lies. The same section requires these certificates to be indorsed on and recorded with the plat.

To become valid and operative as a plat, under the statute, these requirements must be performed, and we can not doubt that such was the map this deed required.

But the plat offered in evidence falls far short of the statutory requirements. It is not certified by the county surveyor. It is not acknowledged before one of the officers named in and authorized by the statute to take and certify the acknowledgment, and the certificate of acknowledgment by the owners of the land is not very formal, not stating they acknowledged that they had executed the map and certificate. But this objection might perhaps be unimportant if it was not for the other objections. They are essential, statutory requirements, and can not be omitted, or supplied by substituting something else in their stead. The plat of the town of Topeka not having been recorded, as required by the deed, the condition has not been performed, and the title has never vested in the grantees, and this being so, appellant failed to show title, and the cross-errors are well assigned. The judgment of the court below must be reversed, and the cause remanded at the costs of appellant.

*Judgment reversed.*