THE PEOPLE *ex rel.* Joseph Ream, Collector,

*v.*

R. DRAGSTRAN *et al.*

*Filed at Springfield September 30, 1881.*

1. TAXES—*jurisdiction of application for judgment.* The making and filing the delinquent list containing a description of the property against which judgment is sought for taxes, and the publication of notice of the application, are essential to give the court jurisdiction to render judgment.

2. SAME—*jurisdiction depending on description of land.* Where land is described in the collector's delinquent list, and in the notice of the application for judgment for taxes due thereon, as the north half of the north-east quarter of section 1, giving no township and range, the court will have no jurisdiction, on account of the defective description, and any judgment for the taxes, even on a personal appearance of the owner, will be a nullity.

3. SAME—*waiver of defects in notice by appearance.* The land owner, by entering his appearance and urging general objections against the rendition of judgment for taxes, waives the right to object to the sufficiency of the notice of the application.

4. SAME—*appearance does not make proceeding in personam.* The appearance of the tax-payer on an application for judgment against his land for taxes, and defending on the merits, does not change the proceeding to one *in personam.* It is still a proceeding *in rem* against specific property, and no personal judgment can be rendered. If the property is not described so that it can be found, there will be no error in refusing judgment against the same.

5. PRACTICE—*judgment—when erroneous, without objection or exception.* Where the error in a proceeding against land for taxes due thereon is in the record itself, being a void description therein, so that a judgment against the land is a nullity, error may be assigned on the judgment, although no objection was made or exception taken in the county court.

APPEAL from the County Court of Logan county; the Hon. STEPHEN H. FOLEY, Judge, presiding.

Messrs. SCHOLES & MATHER, for the appellant:

It is contended that the application should have been made at the May term of the county court, and that application at any subsequent term was unauthorized. That such is not the law, see sec. 185 of the Revenue act, and *Beers et al.* v. *People ex rel.* 83 Ill. 490.

It is also insisted that because of the continuance of the application beyond the day of sale named in the collector's notice, the application was discontinued. This objection is answered by sec. 193, Revenue act, Sess. Laws, 1879, p. 249.

The appearance of the party cured all defects, if any, in the notice. *People ex rel.* v. *Sherman,* 83 Ill. 165.

The objection that the collector's delinquent list did not set forth the valuation upon which the special tax was extended, as required by sec. 188 of the Revenue act, should have been made in the court below, so as to have afforded an opportunity to obviate the same by amendment. *Walsh* v. *People,* 79 Ill. 521; *Law et al.* v. *People ex rel.* 87 id. 385.

We think, also, that this omission is cured by sec. 191 of the Revenue law. This court has frequently construed this provision as curing all irregularities, defects and omissions. *Thatcher* v. *People,* 79 Ill. 597; *Hale* v. *People ex rel.* 87 id. 72.

Mr. J. T. HOBLITT, and Messrs. BEASON & BLINN, for the appellees, contended that the judgment below, refusing to render judgment, should be affirmed for the following reasons:

1. Because said application was made at the September term of the county court, and not at the May term, as

required by sec. 185, chap. 120, Underwood's Stat. of 1878; *Leindecker* v. *The People ex rel.* 98 Ill. 21.

2.   Because the collector, in giving notice that he would sell on Monday, September 27, 1880, any property against which judgment and order of sale should be made, rendered it impossible for the court, under the statute, to render a valid judgment and order of sale.   Sections 182, 185, 191, chap. 120, Underwood's Stat. of 1878.

3.   Because the collector, in his delinquent list and application for judgment, did not set forth the proper description of the land or lot, the year or years for which the alleged tax was due, and the valuation on which the tax was extended, as required by law.   See sec. 188, p. 188, laws of 1879; *Pickett* v. *Hartsock*, 15 Ill. 279 ; *Morgan* v. *Camp,* 16 id. 176; *Morrill* v. *Swartz,* 39 id. 108; *Fox* v. *Turtle,* 55 id. 377.

4.   Because no judgment for taxes could be rendered in the absence of definite and certain descriptions of lands against which judgment was sought, in the delinquent list and application for judgment.   *Olcott et al.* v. *The State,* 5 Gilm. 481; *Hughes* v. *Streeter,* 24 Ill. 650 ; *Meyer* v. *Pfeifer,* 50 id. 485; *People ex rel.* v. *Chicago and Alton Railroad Co.* 96 id. 369; Burroughs on Taxation, pp. 205, 208; Cooley on Taxation, pp. 282, 286.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Logan county against the People, on an application by the county treasurer of that county, for judgment against the lands of the appellees for the payment of a delinquent special tax.

We shall notice but one of the several objections urged against the application.

In the delinquent list filed in the county court by the collector, and in the notice published by him of his intention

to apply for judgment, the delinquent lands are thus described:

| NAME OF OWNER. | Part of section or sub-division. | Lot, Sec. | Block, acres. | Special town tax. | Interest. | Amt. of tax. | Costs. | Total amt. due. |
|---|---|---|---|---|---|---|---|---|
| R. Dragstran... | N ½ N E | 1 | 82.71 | $47 09 | .94 | $48 03 | .67 | $48 70 |
| J. S. Atchinson. | S ½ N E | 1 | 82.73 | 40 52 | .81 | 41 33 | .67 | 42 00 |

Section 188 of the Revenue act of 1872, as amended by the act in force July 1, 1879, requires that the delinquent list shall, among other things, set forth the description of the land or lot against which the delinquent tax is charged; and section 182 of the Revenue act of 1872 requires that such delinquent list shall be published, etc. The judgment to be rendered "shall be considered as a several judgment against each tract or lot, or part of tract or lot, for each kind of tax or special assessment included therein;" and the court is required to "direct the clerk to make out and enter an order for the sale of such real property against which judgment is given," etc. Rev. Stat. 1874, p. 889, sec. 191.

The making and filing the delinquent list, and the publication of notice, are essential to give the court jurisdiction. *Spellman* v. *Curtenius*, 12 Ill. 409; *Pickett* v. *Hartsock*, 15 id. 279; *Morgan* v. *Camp*, 16 id. 175; *Morrill* v. *Swartz*, 39 id. 108.

It may, however, be said, and so we have heretofore decided, that the appellees, by entering their appearance and urging general objections, waived the right to object to the sufficiency of the notice. (*The People ex rel.* v. *Sherman*, 83 Ill. 165.). Yet this does not change the proceeding to one *in personam*. It is still a proceeding *in rem* against specific property, and no personal judgment can be rendered. But how can a judgment be rendered against specific property unless the property itself is pointed out? We are aware of no way.

It may be that, under the statute, the error of failing to describe the property against which judgment was sought

19—100 ILL

was amendable, but upon this we express no opinion at present, for it is sufficient it was not amended, and no leave was asked and denied to make such amendment. Suppose the court had proceeded to render judgment, who could have found the land affected by it? It would have been in some section one, in Logan county; but we must take notice there are several sections one in that county, and there is not a thing in the record to show which was intended. We can not, therefore, on this ground alone, say the court erred in refusing a judgment. If it should be conceded that if the court had entered judgment, as asked, appellees would have had no ground to complain of it, because it would not have injured or affected them, nevertheless the collector can base no claim on that ground to have the judgment entered. He is in nowise prejudiced by the refusal to give a judgment which could never have been enforced. The defect here is in the record itself, and shows that if the judgment had been rendered it must have been a nullity, and, therefore, error might have been assigned on it, although no objection against it had been urged, or exceptions taken in the county court.

The judgment must be affirmed.

*Judgment affirmed.*