## Petefish, Skiles & Co. v. Mary Buck et al.

1. DOWER—*Unassigned, Not Liable to Sale on Execution.*—A right of dower not assigned, though it may be released to one having an interest in the fee, can not be sold, either by the dowress or upon execution against her.

2. SAME—*Assigned, May be Sold, etc.*—When dower is assigned it becomes a life estate and may then be sold and transferred as any other life estate in lands either by the dowress or upon execution against her.

3. EQUITY JURISDICTION—*To Assist a Judgment Creditor.*—It is within the general jurisdiction of a court of chancery to assist a judgment creditor to reach and apply to the payment of his debts, any property rights or equitable interests of the judgment debtor, which, by reason of their nature only, and not by reason of any positive rule exempting them from liability for debt, can not be taken on execution.

4. SAME—*Dower Not Assigned.*—A right of dower in lands unassigned is such an interest as may be reached by a judgment creditor by the aid of a court of equity.

Memorandum.—In Chancery. Appeal from the Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding. Creditor's bill; dismissed on demurrer; appeal by complainant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

### STATEMENT OF THE CASE.

This was a bill in chancery filed by the appellants, in which it was alleged that the complainants, Petefish, Skiles & Company, recovered a judgment, April term (1893) of Circuit Court of Cass County, Illinois, against defendant Mary Buck, for $333.49, with costs of suit, which is wholly unpaid; execution issued June 16, 1893, on said judgment, by clerk of said court, directed to sheriff of said county, and duly returned, no property found; that complainants know of no property of the defendant subject to be levied upon by execution; that defendant Mary Buck has a dower interest in 120 acres of land, which has never been assigned to her; that said land was the property of her first husband, Patrick Caldwell, who died intestate, seized in fee thereof, June, 1887, leaving him surviving his widow, said Mary (now Mary Buck) and four children, his sole heirs, Mary and Lizzie and Thomas and John, all of whom are minors and have no legal guardians; that said Mary, widow of said Patrick, has since intermarried with defendant William Buck, and she and her husband and said four children reside upon said 120 acres of land (here follows description thereof), and no other person or persons have any interest in said lands; that she, said Mary Buck, has never applied for an assignment of her dower in said lands; that she does not propose to have any assignment of her dower and homestead therein, but refuses to apply for such assignment in order to defeat complainants in collecting their said judgment. Prayer for appointment of commissioners to assign her dower and homestead in said lands and for appointment of a receiver to take control of dower interest when so as-

signed and rent the same, and out of said rents pay com-
plainants' judgment, etc., and for such other relief as com-
plainants are entitled to receive.

A general demurrer to the bill filed by the defendants was
sustained by the court and the bill dismissed. This is an
appeal from such action and decree of the court.

### APPELLANTS' BRIEF, J. N. GRIDLEY, ATTORNEY.

Dower, before it is assigned, can not be sold under an execu-
tion. Blaine v. Harrison, 11 Ill. 384.

Dower is a right resting in action only. Lomax's Digest
Real Property, Vol. 1, p. 92; Reynolds v. McCurry et al.,
100 Ill. 360.

Our statute, Chap. 22, Sec. 49, under "Creditor's Bills,"
provides that the court shall have power to decree satisfac-
tion of a judgment out of any " thing in action " belonging
to defendant, etc., etc.

Chancellor Walworth, of New York, in the case of Tomp-
kins v. Fonda, 4 Paige (N. Y.) 448, says :

" The widow's dower before an assignment, is a mere
right, or chose in action. She has not, therefore, such an
interest in the land as can be sold on execution. In equity,
if the widow is in possession or entitled to an assignment
of her dower immediately, the want of a mere formal as-
signment of dower is not considered material. And if she
has received the income of the whole premises, either as
guardian of the heir at law or otherwise, she will, upon the
taking of an account thereof, be entitled to retain her third,
although her dower has not been assigned. She has no right,
therefore, in conscience or equity, to deprive her creditors
of the benefit of her right of dower for the satisfaction of
their debts by continuing in possession with the heirs and
neglecting to ask for a formal assignment, which assign-
ment and entry under it, could enable the creditors to reach
it by execution. The right of dower of defendant is such
an interest as may be reached by the aid of this court, ap-
plied to the satisfaction of the complainant's judgment."
(Jacobs' Law Dict., title Chose Termes De La Rey, Chose in

Action.)    Although the legal title to a mere chose in action can not be assigned so as to authorize the assignee to maintain an action at law in his own name, yet in equity such assignments are sustained.    And even the courts of law now recognize the validity of such assignments, so far as to protect the interests of the assignees against a release or discharge of the right of action of the assignor.    Tompkins v. Fonda, 4 Paine (N. Y.) 448.

Our statute in relation to creditor's bills was copied from the statute of New York, since the above decision in Tompkins v. Fonda, and we are presumably governed by the decisions of the courts of that State.    Singer & Talcott Stove Co. v. Wheeler, 6 Brad. 228.

The adoption of a statute of a sister State generally carries with it the construction the courts have given it.    Hudson v. King, 23 Ill. App. 118.    It is presumed to have been adopted with the construction given it by such other State. Coles v. Bentley, 26 Ill. App. 260.

Scribner in his treatise on the Law of Dower, Vol. 2, Chap. 2, Secs. 39 and 40, pages 45 and 46, quotes this New York case at length, and cites no decisions in conflict therewith, but also refers to Stewart v. McMartin, 5 Barb. (N. Y.) 438; 4 Kent, 61; 1 Hilliard, Personal Property, 2d Ed., 165, Sec. 15.

POLLARD & PHILLIPS, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Right of dower not assigned, though it may be released to one having an interest in the fee of the land, can not be sold by the dowress nor upon execution against her.    Blain v. Harrison, 11 Ill. 384;  Norman v. Willett, 48 Ill. 534. When assigned it becomes a life estate, and may then be sold and transferred as any other life estate in lands, either by the dowress or upon execution against her.    Summers v. Babb, 13 Ill. 483.

The bill alleges that the dowress in the case at bar in order to defeat the collection of the judgment against her

refuses to apply for an assignment of her dower. It is within the general jurisdiction of a court of chancery to assist a judgment creditor to reach, and apply to the payment of his debt any property, rights or equitable interests of the judgment debtor, which by reason of their nature only, and not by reason of any positive rule exempting them from liability for debt, can not be taken on execution. Auger v. Murray, 105 U. S. 126; Bayard v. Hoffman, 4 N. Y. 450; Beck v. Burton, 1 Paige (N. Y.) 308; Roberts v. Hodge, 16 N. J. (Eq.) 302; Scribner on Dower, Vol. 2, Sec. 39. In the case of Tompkins v. Ford, 4 Paige (N. Y.) 448, it was held that the right of dower is such an interest as may be reached by the aid of an equitable court, and applied to the satisfaction of a judgment against the dowress in the manner contemplated by the bill in the case at bar. Nor do we regard the ruling in that case as resting, as is suggested, upon the particular provisions of the statute of the State of New York, but think it but declaratory of a general and fundamental doctrine of equity. It follows that in our opinion the bill was not obnoxious to the demurrer. Therefore the decree is reversed and the cause remanded with directions to the court to overrule the demurrer and require the appellees to answer the bill.