## William Thompson et al. v. Charles V. Marsh et al.

1. Creditor's Bill—*Unassigned Dower.*—An unassigned, consummate right of dower is a right resting in action only.

2. Dower—*Unassigned—May be reached by Judgment Creditors.*—A bill in equity may be maintained by a judgment creditor to obtain the

appointment of a receiver and the institution of measures whereby an unassigned right of dower may be changed into property, sold, and the proceeds applied in payment of the judgment.

3.  DEMAND—*Not Required Before Filing a Creditor's Bill.*—The statute does not require that as a foundation for a creditor's bill, personal demand shall have been made upon the debtor to satisfy the judgment.

4.  SHERIFF'S RETURN—*Foundation for a Creditor's Bill.*—Upon the sheriff rests the responsibility of returning an execution "no property found," and if he does so without directions from the creditor it is a sufficient foundation for a creditor's bill.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed December 12, 1895.

## STATEMENT OF THE CASE.

In May, 1890, appellants brought suit against appellee Charles V. Marsh, in the Circuit Court of Cook County, and on March 1, 1892, recovered a judgment against him for $836.72 and costs of suit, amounting to $36.75. On March 5, 1892, an execution was issued upon the judgment, and at the expiration of ninety days, to wit, on June 3, 1892, was returned by the sheriff, no property found and no part satisfied.

On February 11, 1891, Marsh's wife, Mary C. Marsh, died, leaving her husband and her children, Isaac C. Marsh and Carrie Louise Marsh, as her only heirs at law. At the time of her death she was seized of certain real estate in Chicago.

The dower of Marsh in the real estate of which his wife died seized has never been assigned to him.

On August 5, 1892, appellants filed a bill in equity to reach the unassigned dower of Marsh and subject it to the satisfaction of their judgment.

Marsh admits in his answer that at the time of the commencement of this suit he had no property except such as was exempt by law.

Two questions were raised on the hearing of the case:

1.  Will a creditor's bill, or a bill in the nature of a creditor's bill, lie to reach an unassigned dower?

2.   Were appellants bound, before filing their bill, to have a personal demand made upon Marsh for the payment of the execution against him?

The Circuit Court held that the sheriff's return upon the execution was a sufficient foundation for a creditor's bill, or a bill in the nature of a creditor's bill, and that a personal demand upon Marsh for payment of the execution was not required by the statute; but that a judgment creditor could not, by bill or otherwise, reach an unassigned dower of his debtor to subject it to the payment of a judgment. The court, therefore, entered a decree dismissing the bill for want of equity.   From this decree appellants have appealed.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellants.

NOYES & HUME, and WARWICK A. SHAW, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is quite true, as urged by appellees, that an unassigned, consummate right of dower is a right resting in action, only. Best v. Jenks, 123 Ill. 47; Bedford v. Bedford, 136 Ill. 354; Hart v. Burch, 130 Ill. 426.

It is because it is a right resting in action only, and not an alienable estate, a thing which can be released, not transferred, that a bill in equity may be maintained by a judgment creditor to obtain the appointment of a receiver and the institution of measures whereby this inalienable possession, which is, nevertheless, a substantive, consummate right, may be changed into a property capable of transfer by deed, and may thus be sold so that the proceeds thereof may be applied in payment of the judgment which the complainant has been unable to obtain satisfaction of by any proceeding or execution known to courts of law.   Tompkins v. Ford, 4 Paige, 448; Payne v. Becker, 87 N. Y. 153; Boltz v. Stoltz, 41 Ohio St. 540; McArthur v. Franklin, 15 Ohio St. 485; Petfish v. Buck, 56 Ill. App. 149.

The statute does not require that as a foundation for a creditor's bill, personal demand shall have been made upon the debtor to satisfy the judgment. Alexander v. Tams, 13 Ill. 221; First National Bank v. Gage, 79 Ill. 207; Durand v. Gray, 129 Ill. 9.

Upon the sheriff rests the responsibility of returning an execution "no property found," and if he do so without direction from the creditor, it is sufficient. Bowen v. Parkhurst, 24 Ill. 257; Schuebert v. Howel, 50 Ill. App. 597.

The decree of the Circuit Court is reversed and the cause remanded, with directions to appoint a receiver with authority to institute measures for the assignment of the dower of Charles V. Marsh, and to apply the same, under the direction of the court, to the satisfaction of complainant's judgment.

Reversed and remanded with directions.