THE PEOPLE *ex rel.* Kochersperger, County Collector,

*v.*

W. J. CLIFFORD *et al.*

*Filed at Ottawa April 3, 1897.*

1. SPECIAL ASSESSMENTS—*assessment against lots is invalid when plat is not recorded.* A county court has no jurisdiction to enter a judgment confirming an assessment against property by the description contained in a plat which has not been recorded.

2. TAXES—*objections going to jurisdiction are available on application for judgment.* Objections which go to the jurisdiction of the county court in rendering a judgment of confirmation are available on application for judgment of sale of the property for the delinquent assessment.

3. ESTOPPEL—*owner of plat which is unrecorded may deny its binding force.* The act of submitting an acknowledged and certified plat by the owner to the town council for approval does not estop him, after approval but before recording, from denying its binding force, where there has been no sale of lots with reference thereto and no public acceptance of its streets and alleys.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

F. W. PRINGLE, and HENRY R. PEBBLES, for appellant.

OLIVER & MECARTNEY, for appellees.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county, sustaining certain objections to the application by the county collector for judgment of sale for the fourth installment of a special assessment, numbered 340, of the town of Cicero for supplemental Ridgeland avenue out-fall sewer. The appellees, who were the owners of the west forty acres of the south fifty acres of the north-east quarter of section 6, township 39 north, range 13, east of the third principal meridian, in Cook county, filed objections to the rendering of judgment for sale, for the fourth installment of said special assessment, against 390 lots embraced in seven blocks, into which said forty acres are alleged to have been divided. The assessment is made against lots from 1 to 60 in each of blocks 1, 2, 3, 4, 5 and 6 and lots 1 to 30 in block 7 in what is called the "Oak Park subdivision" of said west forty acres. The objection made by appellees is, that there is no such subdivision as "Oak Park subdivision" of said west forty acres, and that said premises have never been subdivided and cannot be legally or specially assessed under any other or different description than that of the west forty acres of the south fifty acres of the north-east quarter, etc. Appellees allege, that there

are no such lots as those which are described in the application for judgment.

It is admitted by both parties, that the appellees, who own the forty acres in question, caused a plat of the subdivision thereof to be made by a surveyor; that said plat was acknowledged by objectors and sent to the board of trustees of the town of Cicero for their approval; that it was approved by said trustees on December 7, 1891; that, according to a copy of said plat which appears in evidence, the lots thereon designated are each 25 by 124 feet, the streets are 66 feet wide, and blocks 1 to 6 each contain a 14-foot alley. The plat is signed by the three appellees as owners. · Appended is a surveyor's certificate, made out in conformity with the statute. It is further admitted, that neither said plat, nor any other plat of said west forty acres, has ever been recorded in Cook county, but that said premises appear of record as unsubdivided acre property only, and, prior to the present special assessment, have been assessed for general taxes and all other special assessments as acre property, and not according to said plat.

The question presented by the objections is, whether the plat, not being recorded, is valid for the purposes of special assessment; in other words, whether a judgment for taxes, or special assessment, can be rendered against lots designated upon a plat which has never been recorded.

Section 2 of the act in regard to plats requires that, when the plat has been completed, it shall be certified by the surveyor and acknowledged by the owner of the land, and that "the certificate of the surveyor and of acknowledgment, together with the plat, shall be recorded in the recorder's office of the county, in which the land is situated." Section 3 of the same act provides, that the acknowledgment and recording of such plat shall be held in law and equity to be a conveyance in fee simple of such portions of the premises platted as are marked on

the plat as donated or granted to the public.    (2 Starr & Curtis' Stat. p. 1764).    Section 62 of the Revenue act provides that, where a tract of land "is divided in parcels so that it cannot be described without describing it by metes and bounds, it shall be the duty of the owner to cause such land to be surveyed and platted into lots; such plat shall be certified and recorded; the description of real estate, in accordance with the number and description set forth in the plat aforesaid, shall be deemed a good and valid description of the lot or parcel of land so described."    Section 63 of the Revenue act provides, that, if the owner shall neglect to cause such survey to be made within a certain time, the county clerk shall cause it "to be made and recorded."    (2 Starr & Curtis' Stat. p. 2049). Section 5 of article 10 of the City and Village act provides, that the city council or board of trustees shall have power to provide, by ordinance, that any plat of any parcel of land, shall be submitted to such council or board, or to some officer to be designated by them "for their or his approval," and that in such cases no such plat "shall be entitled to record in the proper county," until it shall have been so approved.    (1 Starr & Curtis' Stat. p. 509).

From the language of the statutes thus quoted the requirement, that the plat should be recorded, would seem to be as obligatory as the other requirements, that it should be certified by the surveyor and acknowledged by the owner.    We have held in a number of cases that, in order to make such a plat valid and binding, all of the requirements of the statute must be substantially complied with.    (*Thomas* v. *Eckard*, 88 Ill. 593; *People* v. *Reat*, 107 id. 581; *Village of Auburn* v. *Goodwin*, 128 id. 57).    It is, however, claimed that, if the fact, that the plat was not recorded, is in any sense a valid objection, it should have been made in the original proceeding for the confirmation of the assessment; and that it cannot be made when application is made by the collector for judgment of sale of the property.    It is well settled, that any objection, going to the

jurisdiction of the court which rendered the judgment confirming the assessment, can be made in the proceeding, in which the collector applies for judgment of sale against the property. The special assessment proceeding, as well as the present one, is a proceeding *in rem* against specific property, and no personal judgment can be rendered. A judgment cannot be rendered against specific property, unless the property itself is pointed out. As no plat was recorded as required by the statute, there were no lots described against which any taxes, or a lien for taxes, could attach. "To create a lien for taxes on real estate, it must be described so it may be located and found." (*People* v. *Dragstran*, 100 Ill. 286; *Sanford* v. *People*, 102 id. 374.)

In *People ex rel.* v. *Chicago and Alton Railroad Co.* 96 Ill. 369, an application was made by a collector for judgment against "lot 15, survey 786, claim 2667;" it appeared on the hearing, that no plat had ever been recorded, dividing government survey 786 into subdivisions or lots; the county court refused to render judgment for taxes on the ground that there was no record of lot 15 appearing in the recorder's office in the plat book, or in any other book or record in the office; and we said (p. 370): "If there was no such property as lot 15, mentioned in the application, in existence, then it is clear the court did right in refusing judgment, because a judgment for taxes cannot be rendered against property which has no existence. Property must be described by reference to government surveys, or by metes and bounds, or, if it is divided into lots, then by reference to authenticated plats. If described by some one of these modes, then it can be ascertained and its locality easily determined. But if a certain piece of property is designated as a lot, when there is no plat to which reference can be had to determine from what tract of land the lot has been formed, it would be impossible to locate the lot. While the government survey 786 is a description of a tract of land well recog-

nized and one from which the land can easily be located, yet lot 15 does not represent any ascertainable part of the survey, unless a plat had been made and recorded by competent authority, which divided the survey into lots."

In *Cram* v. *City of Chicago*, 139 Ill. 265, we said (p. 267): "If the tract of land was a forty-acre tract, the government description should be given; and if a town or city lot, then it should be described as designated on the recorded plat of the city or incorporated town."

We have always held, that the acknowledgment and recording of the plat were necessary to vest the fee of the streets or alleys noted thereon in the city or town. (*Union Coal Co.* v. *City of LaSalle*, 136 Ill. 119; *Littler* v. *City of Lincoln*, 106 id. 353; *Gage* v. *Rumsey*, 73 id. 473). We are of the opinion, that such an insufficient description of property, as is here under consideration, is a valid defense to the application for judgment.

The act of submitting the plat for approval to the board of trustees of the town does not estop the owners from denying that the plat has become binding on them. Such approval by the board entitles the plat to be recorded, but does not dispense with the necessity of recording it. At any time before the recording of the plat, and even after its approval by the board of trustees, the owners have a right to withdraw the plat of the subdivision, or to make another subdivision of the land. It does not appear, that there is any injustice to the town in permitting the objectors to urge, that the plat was never recorded. Under the taxing laws the town had no right to assess the property by the description contained in an unrecorded plat. It follows, that the objectors are not estopped from making the defense that the plat was not recorded. It might be otherwise, if any of the lots had been sold with reference to the plat, or any improvements made with a view thereto, or if there had been any acceptance by the town or the public of the streets and alleys designated upon the plat, but no such elements

of estoppel are shown to exist in this case. (*Trustees* v. *Walsh*, 57 Ill. 363).

The Revenue law provides, that the judgment should be considered as a several judgment against each tract or lot or part of a tract or lot, and, of course, if there is no lot, which can be located by the records, there is nothing to which such judgment or the lien thereof can attach. Nor would any purchaser at a sale of the lot be able to determine the location or identity of the property purchased by him, if there was no plat on record, showing a subdivision of the property of which the lot was a part.

For these reasons we are of the opinion, that the objections of appellees were properly sustained by the county court. Accordingly the judgment of the county court is affirmed.

                                    *Judgment affirmed.*