(No. 11908.—Reversed and remanded.)

FRED WEBER, Admr., Appellant, vs. CYNTHIA BLYNN et al. Appellees.

*Opinion filed February 20, 1918.*

1. HIGHWAYS—*proceeding to open a road is an admission by highway commissioners that there is no public road.* A proceeding by highway commissioners to obtain a right of way to open a road is an admission by the public authorities that there was no public road at the time such action was taken.

2. ·PARTITION—*when intervening petitioner may have judgment declared a lien on dower interest.* An execution cannot be levied on unassigned dower, which can only be reached by the aid of a court of equity, but when dower is assigned it becomes a life estate, which is subject to execution, and an intervening petitioner in a partition suit may have a judgment against the complainant and his deceased wife declared a lien on the interest of the complainant in the land which he had inherited from his wife, including his dower interest.

3. SAME—*complainant's interest cannot be subjected to lien for costs in absence of evidence of judgment therefor.* A complainant's interest in property sought to be partitioned cannot be subjected to a lien for court costs in a former proceeding concerning a highway over the land, where there is no evidence of any judgment for such costs but only an allegation thereof in the answer of one of the defendants.

4. SAME—*court cannot set aside sum to pay debts unless there is a sale of the land.* An intervening petitioner in a partition suit cannot assign a cross-error on the failure of the court to set aside a sum sufficient to pay the debts which are a charge upon the estate where there is no sale of the land.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

W. E. KNOWLES, for appellant.

N. C. LYRLA, for appellee the town of Canteen, and L. V. WALCOTT, for appellee the village of Fairmont City.

JOHN HAY, for the intervenor, William D. Abraham.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Fred Weber, one of the heirs-at-law of his deceased wife, Martha E. Weber, and administrator of her estate, filed his bill in this case in the circuit court of St. Clair county for the partition of three tracts of land, consisting of a lot in East St. Louis, a tract of three and one-half acres in the southwest quarter of section 4, known as the Martin tract, and one acre and a quarter in the southeast quarter of section 5, known as the Ely tract, both in township 2, range 9, in St. Clair county, and alleged in his bill that the town of Canteen and the village of Fairmont City claimed to have some rights in the Ely tract as a public highway but that they had no rights whatever in the premises. He filed a second amended bill on February 3, 1917, alleging that on December 23, 1912, the town of Canteen commenced an action against him and his wife, who was then living, for a penalty for obstructing the alleged highway on the Ely tract; that the cause was twice tried in the city court of East St. Louis and on each trial there was a verdict and judgment for himself and his wife; that each judgment was reversed by the Appellate Court for the Fourth District and the cause remanded to the city court; that the place where the highway was claimed had become a part of the village of Fairmont City, which had acquired any rights the town of Canteen might have had, and that the evidence in this case had all been taken. He prayed for an injunction against the further prosecution of the suit against him, and a temporary injunction was granted until the final disposition of this suit. The town of Canteen answered that bill, claiming a highway sixty feet in width parallel with and immediately north of the south line of section 5, in township 9, range 2, which was a different township and range from that described in the bill but must have been intended for the same property. The highway was alleged to exist by user for more than fifteen years

prior to August 23, 1912, and the answer repeated the aver-
ments of the bill as to the suit for the penalty, and alleged
that there was a judgment for $82 costs in the Appellate
Court against the complainant. The village of Fairmont
City answered, claiming the south sixty feet of the Mar-
tin and Ely tracts as a public highway for a street of that
village.

By leave of court William D. Abraham on March 22,
1916, filed an intervening petition, alleging that he had re-
covered a judgment on January 25, 1916, in the circuit court
of St. Clair county, against the complainant for $311.90
and $10.25 costs, and that the judgment was a lien upon
the undivided one-half of the real estate which the appellant
took as heir of his wife and dower in the remaining one-
half, and praying that in case of a sale the judgment and
costs should be satisfied out of the share of the proceeds of
sale going to the complainant. The complainant answered
the intervening petition, alleging that the judgment was ob-
tained on a note given for a debt of his wife on which he
was only a surety, and that the claim against the estate of
his wife had been filed in the probate court by Abraham.

The master in chancery to whom the issues had been re-
ferred reported that the south sixty feet of the Martin and
Ely tracts was a public highway by user for more than
fifteen years prior to the bringing of the suit against the
complainant and his wife for obstructing the same; that
the lands and dower interest of the complainant were sub-
ject to the lien of the Abraham judgment, with interest
at six per cent and costs, and that said lands and dower in-
terest were also subject to the lien for the Appellate Court
costs, but that the homestead of the complainant, who lived
on the Martin tract, was not subject to a lien. The court
heard the cause on exceptions to the master's report and
overruled the exceptions and confirmed the report. By the
decree the court found that there was a public highway
sixty feet wide along the south side of the Martin and Ely

tracts; that the undivided one-half of the real estate in-
herited by the complainant from his wife, and his dower in-
terest, were liable for the Abraham judgment, with six per
cent interest and the costs, and were also subject to a lien
for the Appellate Court costs in the amount of $82 claimed
by the town of Canteen. The complainant appealed from
the decree, and the temporary injunction was continued in
force pending the appeal.

The question whether the town of Canteen could con-
tinue to maintain its suit for a penalty for obstructing a
highway over which it had no jurisdiction, but which, if it
existed, had become part of the village of Fairmont City,
was not passed upon in the master's report nor decided· by
the court but has been argued by counsel for all parties. If
there is no highway, as claimed, it is immaterial whether the
town or village was claiming it, and as it appears from the
evidence there was none, the question argued will not be
considered.

The Ely tract of an acre and one-quarter is a triangular
piece of ground lying east of the Collinsville road, which
runs north and south, and the Martin tract of three and
one-half acres lies east of the Ely tract. The alleged high-
way ran from the Collinsville road east something less than
a mile to the Cookson farm, and that there was no public
road there prior to 1905 is pretty conclusively settled by the
fact that in that year the commissioners proceeded to lay
out a road over the line and bought the ground for the same,
except across the Ely tract, to the Collinsville road. They
were unable to find who owned that tract and went to Wil-
liam Foreman, in East St. Louis, and gave him $50 for
thirty feet in width along the south side of the tract, al-
though Foreman did not give them any deed or conveyance
and told them he did not own the land but told them it
belonged to someone in St. Louis. The neighbors who had
lived there a great many years did not know who owned it,
but the owner in fact lived in St. Louis, Missouri, from

whom Martha E. Weber afterward bought it. The proceeding to open the road in 1905 was an admission by the public authorities having charge of the highways that there was no public road there at that time. (*Town of Princeton* v. *Templeton,* 71 Ill. 68; *City of Chicago* v. *Hill,* 124 id. 646; *Shields* v. *Ross,* 158 id. 214.) At the same time the highway commissioners bought the south thirty feet of the Martin tract from Elizabeth Martin, and, the plan of the commissioners being to have the road on the section line, Mrs. Martin moved her fence back thirty feet before Martha E. Weber bought the tract. Elizabeth Martin, the former owner of the tract, moved away from the place in October, 1908, and shortly afterward sold the property to Martha E. Weber.

Aside from the admission of the commissioners of highways, representing the public, that there was no public road at the place in question in 1905, the facts were that there had been a sort of field road, consisting of a wagon track and in no place more than fifteen or eighteen feet wide and something less than a mile long, leading east from the Collinsville road to the Cookson place. It was the only way out from the Cookson and Jones places, and it was not shown that anybody ever went there except to reach one of those places by helping to haul wheat or something of that kind. The husband of Elizabeth Martin, who owned the Martin tract, had it enclosed with the Ely tract and maintained gates for fifteen or twenty years, so that it was necessary to open the gates to get through the premises. Martin died in 1897, and after that no one took care of the fences and gates and they rotted and fell down. Anybody who saw fit went on the Ely tract, tied their cows there, cut posts, drove wherever they saw fit and treated it as public property. Grading and work on the road were done in 1905, when the proceeding took place to lay out a road, but no right was acquired over the Ely tract in any manner and only thirty feet wide on the south side of the Martin

tract. The finding that there was a public highway was contrary to the evidence.

The judgment in favor of William D. Abraham was on a note signed by the complainant and Martha E. Weber, and it was a lien upon the property descended from his wife except his homestead estate. He was praying for an assignment of dower, and it would become a lien upon the dower when assigned. An execution cannot be levied on unassigned dower, (*Newman* v. *Willetts,* 48 Ill. 534,) which can only be reached by the aid of a court of equity, but when dower is assigned it becomes a life estate and is subject to execution. The court did not err in declaring the judgment a lien but did err in awarding six per cent interest upon it, which was contrary to the statute.

There was no evidence of any judgment for costs in the Appellate Court. It was alleged in the answer of the town of Canteen but there was no proof of it, and the court erred in subjecting the interests of the complainant to a lien for such costs.

William D. Abraham, the intervening petitioner, has assigned cross-errors, the first of which is that the court erred in not setting aside a sufficient sum for the payment of debts that are a charge upon the estate of Martha E. Weber. That question has not arisen and will not arise unless there shall be a sale of the lands, since there will be no money to set aside unless there shall be a sale which produces money. The second and fourth alleged errors relate to the allowance to complainant's solicitor of a solicitor's fee, but there is nothing in the abstract of record about a solicitor's fee and it does not appear that any allowance was made. The third assignment of the cross-error is that the court erred in entering a decree giving the complainant a lien for taxes paid by him, but there is nothing in the abstract of the decree on that subject. None of the cross-errors are well assigned.

The decree is reversed and the cause remanded, with directions to enter a decree in harmony with the conclusions stated in this opinion, making perpetual the injunction against the town of Canteen and village of Fairmont City, subjecting the interest of the complainant to the Abraham judgment, with interest at five per cent and costs, and disallowing the claim of the town of Canteen for costs in the Appellate Court, in which respects the decree heretofore entered was erroneous.

*Reversed and remanded, with directions.*