(No. 13603.—Judgment affirmed.)

THE CITY OF SPRINGFIELD, Plaintiff in Error, *vs.* THE SPRINGFIELD CONSOLIDATED RAILWAY COMPANY, Defendant in Error.

*Opinion filed December 21, 1920.*

1. EASEMENTS—*acceptance of dedication does not estop a city from proving prior prescriptive right.* A city which has accepted a dedication of the fee in a strip of land is not estopped from proving, in a subsequent special assessment proceeding where its right to occupy the strip is challenged by a prior grantee of the dedicator, that the strip was a highway by prescription before the dedication was made.

2. SAME—*what user is necessary to create road by prescription.* To create a road by prescription the user must be adverse to the owner under a claim of right, continuous, uninterrupted, and with the knowledge of the owner yet without his consent, and there must be something more than mere travel over unenclosed lands.

3. SAME—*proof of user for less than statutory period is not sufficient—presumption as to claim of right.* A continued and uninterrupted use of land for a highway for the statutory period, in

the absence of proof to the contrary, will be presumed to have been under a claim of right, but proof of user for less than the statutory period is not sufficient to show a prescriptive right.

4. SAME—*railway company is entitled to protection of its easement although it has not acquired right of enjoyment.* A perpetual easement granted by deed in a strip of land for constructing a street railway is protected by the constitutional provision that private property cannot be taken or damaged without just compensation, even though the railway company has not yet complied with statutory requirements essential to its right to construct its track.

5. PLATS—*dedication by plat does not take effect until plat is recorded.* A deed takes effect from delivery, but as there is no delivery in the case of a dedication to the public by means of a plat the recording of the plat takes the place of delivery and is essential to a complete dedication.

6. SPECIAL ASSESSMENTS—*the resolution and ordinance must describe the property to be taken for local improvement.* Under sections 7 and 8 of the Local Improvement act the resolution of the board and the ordinance must describe the property proposed to be taken for a local improvement, and where the construction of a proposed lighting system in a street will interfere with an easement therein which a street railway company has lawfully acquired but which is not described, the petition for the assessment is properly dismissed.

WRIT OF ERROR to the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding.

A. D. STEVENS, and ROY M. SEELEY, for plaintiff in error.

P. B. WARREN, and WILLIAM L. PATTON, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, the city of Springfield, on February 23, 1920, filed its petition in the county court of Sangamon county for the levy of a special assessment to pay for the construction of an ornamental street lighting system on several streets, including Fifth street from Ash street to Broad place. The system consisted of cast-iron

single-light standards on concrete bases, together with all
necessary electrical appliances, to be connected to the
aerial feeders leading to the city's electrical lighting plant
and power station. The ordinance provided that upon that
part of the streets which had grass plots in the center the
lamp-posts and electrical appliances should be constructed
in the center of such grass plots, and attached to the ordi-
nance there was a plat which showed a grass plot in the
center of Fifth street where a part of the system was to
be installed. The streets in which the lighting system was
to be constructed were in Payne's South Side addition, sec-
ond plat, which was laid out, platted and dedicated to the
city by Edward W. Payne. The defendant in error, the
Springfield Consolidated Railway Company, was not a party
to the proceeding for the levy of the assessment and was
not upon the assessment roll and did not appear. No ob-
jection was made to the assessment roll and it was con-
firmed on March 15, 1920. On March 17, 1920, the de-
fendant in error filed its petition in the cause for leave to
intervene, and moved to set aside the order confirming the
assessment roll on the ground that on February 16, 1915,
before the dedication to the city, Edward W. Payne, being
then the owner in fee simple of the real estate described in
the ordinance as Fifth street between Ash street and Broad
place, not incumbered by any street, roadway or easement,
executed and delivered to the defendant in error a deed
conveying to it the right from time to time, and at any
time, to construct, maintain and operate a single or double-
track railway over, upon and along the strip of ground des-
ignated as the grass plot described in the petition for the
assessment. The intervening petition alleged that the deed
was made and was recorded on August 7, 1915; that the
plat of the addition by virtue of which Fifth street between
Ash street and Broad place was dedicated for street pur-
poses was filed for record on August 11, 1915, but that
the strip described in the deed was not thereby dedicated

to public use, and that the installation and construction of the lamp-posts and lighting system in the grass plot would be a taking and damaging of property of defendant in error, and no proceeding for making just compensation therefor had been begun, instituted or taken. The prayer was that the order of confirmation should be set aside and the application continued until the city should have proceeded to make just compensation for the property which would be taken and damaged by the improvement. The city answered that on July 26, 1915, Edward W. Payne presented to the city a plat of the addition, which was accepted and approved; that no reference was made to the deed from Payne to the railway company; that Payne and the railway company conspired together to evade the law of the State requiring a frontage petition and an election for the construction of a railroad in a street, and on account of the fraud the approval of the plat was void; that Fifth street between the designated points for more than forty years had been a public thoroughfare and street, dedicated to and accepted by the public; that said part of Fifth street was originally in the village of South Springfield and was annexed to the city in 1898, and that in 1908 the city constructed by special assessment a sewer in Fifth street. The court heard evidence on the petition to intervene, and on March 31, 1920, set aside and vacated the order of confirmation and granted leave to the defendant in error to become a party, and it then filed its petition to dismiss the proceeding. It was stipulated that the evidence which had been heard on the petition to intervene should be considered on the motion to dismiss, and the court, after a hearing, dismissed the petition for the levy of the assessment, and the city sued out a writ of error from this court to review the judgment.

The grounds presented in argument for the reversal of the judgment are, (1) that the deed from Payne to the railway company of the strip of ground in the center of Fifth

street was of no valid force or effect against the rights of
the public, for the reason that the strip of ground so con-
veyed was, when the deed was made, part of a public street
acquired by prescription; (2) that the easement purported
to be granted conveyed no vested rights because the rail-
way company had no license from the city to build a street
railway on the strip of ground, and the right, if granted,
would have to be approved by a majority of electors of
the city voting thereon at a general or special election, as
provided in the act for the commission form of govern-
ment, under which the city is organized.

A proceeding to acquire the right to use land for a street
is an admission that no previous right to such use existed,
(*Weber* v. *Blynn*, 282 Ill. 452,) but if there was a street
at the place in question created by prescription it would be
a mere easement for street uses, and the acceptance of a
dedication of the fee by Payne would not be an admission
that there was no easement. The city was not barred from
proving, if it could, that there was a street by prescription
before the dedication. On that question it appeared that
Fifth street runs north and south; that Edward W. Payne
acquired title to the land west of the present west line of
the street in 1887; that there was a fence forty feet east of
the west line of Fifth street and a ditch east of that fence;
that all the land east was open commons and that Payne
bought the forty feet in front of his property; that the
region was within the corporate limits of the village of
South Springfield, and there were several sink holes, caused
by the mining of coal in the vicinity. The present grass
plot is 17.1 feet in width and there is a paved roadway
on each side of it. Payne testified that from the time he
first knew the land until he made the plat there was prac-
tically no travel west of the east edge of the grass plot.
The ground was traveled over especially by teams hauling
coal, but it was low and wet and portions of what is now
called Fifth street were frequently impassable. The user

to create a road by prescription must be adverse to the owner under a claim of right, continuous, uninterrupted and with the knowledge of the owner yet without his consent. A continued and uninterrupted use of land for a highway for the statutory period, in the absence of proof to the contrary, will be presumed to have been under a claim of right. But there must be something more than mere travel over unenclosed lands. The law has been frequently stated and need not be repeated here. (*Kyle* v. *Town of Logan,* 87 Ill. 64; *Town of Brushy Mound* v. *McClintock,* 150 id. 129; *City of Chicago* v. *Sawyer,* 166 id. 290; *O'Connell* v. *Chicago Terminal Transfer Railroad Co.* 184 id. 308; *Falter* v. *Packard,* 219 id. 356; *City of Chicago* v. *Galt,* 224 id. 421; *Smith* v. *Roath,* 238 id. 247; *Thorworth* v. *Scheets,* 269 id. 573; *Town of Anchor* v. *Stewart,* 270 id. 57; *Phillips* v. *Leininger,* 280 id. 132.) There was testimony of travel on the strip or part of it, but without going into detail it was clearly insufficient to show that there had been an adverse use of the land for a street for fifteen years prior to the dedication. A sewer was laid in the center of what is now the street in 1908, which would have justified a conclusion that there was a claim of right in the public to the premises as a street. But that was only seven years before the dedication. The city failed to prove the existence of a street by prescription.

It is contended by the railway company that the premises being private property when the deed was made it can build its railway thereon, and by the city that there must be frontage consent, a license and an affirmative vote at an election. However that may be, the question only goes to the value of the easement. If the railway company must comply with other conditions before it can enjoy the easement they need not all be acquired before the easement has any value. The deed granted a perpetual easement. (*Oswald* v. *Wolf,* 126 Ill. 542; *Walker* v. *Illinois Central Railroad Co.* 215 id. 610; *Funston* v. *Hoffman,* 232 id. 360.)

The easement is property and has the protection of the constitutional provision that private property cannot be taken or damaged without just compensation. Payne made his deed to the railroad company on February 16, 1915, and he was then the owner in fee simple of the land. He made his plat dedicating the street and acknowledged the same on July 12, 1915. It was presented to the city council and approved on July 26, 1915. The deed to the railway company was filed for record on August 7, 1915, and the plat was filed for record on August 11, 1915. The deed was of record and afforded notice when the plat was filed. A deed conveying title ordinarily takes effect from delivery, but there is no delivery in the case of a dedication to the public, and recording takes the place of delivery. The provision of the statute is that the acknowledgment and recording shall have the same effect as in the case of deeds, and the recording is essential to a complete dedication. *People v. Clifford,* 166 Ill. 165; *Brewster v. Cahill,* 199 id. 309.

Sections 7 and 8 of the Local Improvement act require the resolution of the board of local improvements and the ordinance, whenever private property must be taken or damaged for a proposed improvement, to describe the property proposed to be taken. (*City of Chicago v. Farwell,* 260 Ill. 565.) That requirement of the statute was not complied with.

The necessary conclusions from a consideration of the record are, that there was no street by prescription; that the deed to the railway company invested it with a perpetual easement, which was a freehold; that Payne's plat was effective to dedicate the whole street for public uses but subject to the easement, and that the resolution and ordinance failing to describe property which would be taken for the improvement, the court did not err in dismissing the petition for the assessment.

The judgment is affirmed.          *Judgment affirmed.*